**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SENORX, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | )  C.A. No. 12-173-LPS-CJB |
| v. | ) |
| | ) |
| HOLOGIC, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO BIFURCATE
AND STAY DISCOVERY AND TRIAL OF DAMAGES AND WILLFULNESS ISSUES**

**YOUNG CONAWAY STARGATT & TAYLOR LLP**
Karen L. Pascale (#2903)
James L. Higgins (#5021)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600

OF COUNSEL
Matthew M. Wolf
John E. Nilsson
Amy L. DeWitt
**ARNOLD & PORTER LLP**
555 Twelfth Street, NW
Washington, D.C. 20004
(202) 942-5000

*Attorneys for Defendant Hologic, Inc.*

July 26, 2012

i

# TABLE OF CONTENTS

I.      NATURE AND STAGE OF PROCEEDINGS .................................................................. 1

II.     SUMMARY OF ARGUMENT ....................................................................................... 1

III.    STATEMENT OF FACTS .............................................................................................. 3

IV.     ARGUMENT .................................................................................................................. 4

        A.      The Complexity Of Issues In This Case Weighs In Favor Of Bifurcation ............. 5

        B.      Bifurcation Will Also Promote Efficiency And Judicial Economy ........................ 7

        C.      Prejudice To Hologic Absent Bifurcation Outweighs Any Unfair Prejudice
                To SenoRx ............................................................................................................. 8

        D.      Discovery Of Damages And Willfulness Should Be Stayed Pending
                Resolution Of The Liability Issues ....................................................................... 8

V.      CONCLUSION ............................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases:**                                                                               **Page(s):**

*B. Braun Med. Inc. v. Abbott Labs.*,
No. 93-3883, 1994 U.S. Dist. LEXIS 12104 (E.D. Pa. Aug. 24, 1994) ...............................4, 7

*Ciena Corp. v. Corvis Corp.*,
210 F.R.D 519 (D. Del. 2002) .....................................................................................................5

*Crawford-El v. Britton*,
523 U.S. 574 (1998)....................................................................................................................8

*Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*,
246 F.3d 1336 (Fed. Cir. 2001)...................................................................................................7

*Dutch Branch of Streamserve Dev. AB v. Exstream Software, LLC*,
No. 08-343-SLR, 2009 U.S. Dist. LEXIS 76006 (D. Del. Aug. 26, 2009) ........................1, 4, 8

*Enzo Life Scis., Inc. v. Digene Corp.*,
No. 02-212-JJF, 2003 U.S. Dist. LEXIS 10202 (D. Del. June 10, 2003).............................4, 5

*F & G Scrolling Mouse L.L.C. v. IBM Corp.*,
190 F.R.D. 385 (M.D.N.C. 1999) ...............................................................................................6

*In re Recombinant DNA Tech. Patent & Contract Litig.*,
30 U.S.P.Q. 2d (BNA) 1881 (S.D. Ind. Mar. 2, 1994) ...............................................................7

*Lab. Skin Care, Inc. v. Ltd. Brands, Inc.*,
757 F. Supp. 2d 431 (D. Del. 2010)....................................................................................4, 5, 7

*Medpointe Healthcare, Inc. v. Hi-Tech Pharmacal Co.*,
No. 03-5550 *et al*. (MLC), 2007 U.S. Dist. LEXIS 4652 (D.N.J. Jan. 22, 2007).....................4

*Novopharm Ltd. v. Torpharm, Inc.*,
181 F.R.D. 308 (E.D.N.C. 1998) .......................................................................................6, 7, 9

*Princeton Biochemicals, Inc. v. Beckman Instruments, Inc.*,
180 F.R.D. 254 (D.N.J. 1997)............................................................................................. passim

*Ricoh Co. v. Katun Corp.*,
No. 03-2612 (WHW), 2005 U.S. Dist. LEXIS 46493 (D.N.J. July 14, 2005) ..........................4

*Robert Bosch LLC v. Pylon Mfg. Corp.*,
No. 08-542-SLR, 2009 U.S. Dist. LEXIS 76010 (D. Del. Aug. 26, 2009) ........................4, 5, 8

*Yamaha Hatsudoki Kabushiki Kaisha v. Bombardier Inc.*,
   59 U.S.P.Q. 2d (BNA) 1088 (C.D. Cal. 2001) .........................................................................6

**STATUTES, RULES AND REGULATIONS**

35 U.S.C. §101..............................................................................................................................3

35 U.S.C. §102..............................................................................................................................3

35 U.S.C. §103..............................................................................................................................3

35 U.S.C. §112..............................................................................................................................3

Fed. R. Civ. P. 26(d) ....................................................................................................................8

Fed. R. Civ. P. 42(b) ..............................................................................................................1,4, 9

Defendant Hologic, Inc. ("Hologic") respectfully submits this Brief in support of its motion to bifurcate liability from damages and willfulness issues pursuant to Fed. R. Civ. P. 42(b), and to stay damages- and willfulness-related discovery and trial pending this Court's resolution of liability issues.

## I.        NATURE AND STAGE OF PROCEEDINGS

Plaintiff SenoRx, Inc. ("SenoRx") filed this patent infringement action alleging that Hologic, Inc. ("Hologic") infringes U.S. Patent No. 8,079,946 and U.S. Patent No. 8,075,469 (collectively, the "patents-in-suit"). The complaint was served on February 10, 2012. (D.I. 1.) Hologic answered the complaint on May 23, 2012, asserting numerous defenses, including invalidity and non-infringement of the asserted claims. (D.I. 8.) This Court issued a Scheduling Order on June 28, 2012. (D.I. 13.) Pursuant to that Order, document production "shall be substantially complete" by January 9, 2013; a claim construction hearing is scheduled for February 26, 2013; expert discovery is set to close on September 20, 2013; and opening case-dispositive motions are scheduled to be filed on October 30, 2013. (*Id*. at 2-3, 7.) No trial date has been set.

## II.       SUMMARY OF ARGUMENT

1.        A court may bifurcate a trial by issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize. . . ." Fed. R. Civ. P. 42(b). Courts within this District and the Third Circuit routinely bifurcate liability from damages and willfulness issues in patent cases. Indeed, this Court has found bifurcation to be not only appropriate, but "necessary, in all but exceptional patent cases." *Dutch Branch of Streamserve Dev. AB v. Exstream Software, LLC*, No. 08-343-SLR, 2009 U.S. Dist. LEXIS 76006, at *2 (D. Del. Aug. 26, 2009) (bifurcating damages and willfulness for purposes of discovery and trial).

2.      The liability and damages/willfulness phases present complex issues with distinct factual inquiries, and confronting a jury with both phases at once is likely to cause significant confusion.  The liability phase will require the jury to hear extensive evidence on the claimed inventions, the prior art, and the accused product, and also to become immersed in issues of patent law, engineering, and brachytherapy, among others.  The damages and willfulness phase (if necessary) is likely to include a great deal of evidence relating to SenoRx's various damages theories, licensing practices, marketing practices, market forecasts, sales histories, and accounting practices.

3.      Judicial economy and efficiency will be served if this case is bifurcated.  The liability and damages/willfulness issues in this case are distinct and involve significantly different types of evidence, which makes the issues readily separable.  In addition, if the jury finds that Hologic is not liable for infringement, or that the patents are invalid, then the damages/willfulness issues will never have to be tried.  In such a scenario, the added convenience for the Court, the parties, and the jury is clear.  Moreover, a separate determination of liability could promote resolution of the case through possible settlement, or (at a minimum) streamline the issues for the damages/willfulness phase.

4.      SenoRx will not be unfairly prejudiced if damages are bifurcated.  Procedurally, this case is in an early stage.  Under the Court's recent Scheduling Order (D.I. 13), fact discovery is not expected to close until April 17, 2013 – a full nine months away.  The parties have not yet begun expert discovery on liability or damages issues, and expert discovery will not close until September 20, 2013 – more than 14 months away.  No *Markman* briefing has occurred, and a *Markman* hearing will not be held until February 2013 under the current schedule.

5.      In addition to seeking bifurcation, Hologic requests that discovery concerning

damages and willfulness be stayed if the bifurcation request is granted.  A stay would serve one

of the purposes of bifurcation, which is to defer costly, and potentially unnecessary, fact and

expert discovery and trial preparation pending the resolution of liability issues.

## III.    STATEMENT OF FACTS

Hologic manufactures and sells a multi-lumen balloon brachytherapy device called the

MammoSite Multi-Lumen ("MammoSite ML").  SenoRx asserts that the MammoSite ML

infringes certain claims of the patents-in-suit, either literally or under the doctrine of equivalents,

and that Hologic's alleged infringement of the patents-in-suit has been willful.  Those patents are

directed generally to "devices and methods for asymmetrical irradiation at a body or cavity or

site. . . ."  (*See* D.I. 1 at Ex. A, B.)  Although there are 99 claims in the two patents-in-suit, to

date SenoRx has not identified the specific claims that it is asserting.  Hologic denies that it is

liable for infringing any claims of the patents-in-suit and has brought numerous defenses and

counterclaims regarding the invalidity of the patents-in-suit.  (*See* D.I. 7 at 5-7.)  Hologic has

asserted, among other things, that the patents are invalid for failure to comply with the

requirements of 35 U.S.C. §§ 101, 102, 103, and 112, and are unenforceable.  (*Id.*)  This case is

still very early in the discovery process.  To date, the parties have only exchanged initial

discovery requests.  The parties have yet to file initial disclosures, no fact or 30(b)(6) witness

deposition has been noticed or taken, no expert reports have been served, and no claim

construction briefing has occurred.  (*See generally* D.I. 13.)

## IV.     ARGUMENT

Courts have broad discretion to bifurcate separate issues or claims for convenience, to avoid prejudice, or to expedite and economize proceedings.  *See* Fed. R. Civ. P. 42(b); *Enzo Life Scis., Inc. v. Digene Corp.*, No. 02-212-JJF, 2003 U.S. Dist. LEXIS 10202, at *16 (D. Del. June 10, 2003) ("Bifurcation is an important discretionary tool that district courts can use to ensure that the cases are resolved in a just manner by juries that understand the complex issues before them."); *Ricoh Co. v. Katun Corp.*, No. 03-2612 (WHW), 2005 U.S. Dist. LEXIS 46493, at *3 (D.N.J. July 14, 2005) (court has "broad discretion in deciding whether to separate issues and claims for trial, in accordance with its broad power to manage its trial calendar").

This Court has found patent cases particularly well-suited for bifurcation.  *See, e.g.*, *Dutch Branch*, 2009 U.S. Dist. LEXIS 76006, at *2 (bifurcating liability from damages and willfulness, noting that "bifurcation is appropriate, if not necessary, in all but exceptional patent cases"); *Robert Bosch LLC v. Pylon Mfg. Corp.*, No. 08-542-SLR, 2009 U.S. Dist. LEXIS 76010, at *2 (D. Del. Aug. 26, 2009) (same); *Lab. Skin Care, Inc. v. Ltd. Brands, Inc.*, 757 F. Supp. 2d 431, 442 (D. Del. 2010) (court "finds it proper to exercise its discretion and try infringement separately from the issues of damages and willfulness"); *Enzo*, 2003 U.S. Dist. LEXIS 10202, at *16 ("Typically, courts bifurcate patent cases into liability and damage trials.").[1]  Bifurcation is especially warranted in complex patent cases in order to avoid confusing

---

[1] Similarly, other district courts in the Third Circuit routinely order bifurcation of damages from liability in patent cases. *See, e.g.*, *Medpointe Healthcare, Inc. v. Hi-Tech Pharmacal Co.*, No. 03-5550 *et al.* (MLC), 2007 U.S. Dist. LEXIS 4652, at *19 (D.N.J. Jan. 22, 2007) (finding that "the issues of damages and willfulness are properly bifurcated because they are relatively complex and involve distinct facts and circumstances"); *Princeton Biochemicals, Inc. v. Beckman Instruments, Inc.*, 180 F.R.D. 254, 261 (D.N.J. 1997) (bifurcating damages and willfulness); *B. Braun Med. Inc. v. Abbott Labs.*, No. 93-3883, 1994 U.S. Dist. LEXIS 12104, at **2-3 (E.D. Pa. Aug. 24, 1994) (bifurcating damages from liability and noting that "willfulness logically should be tried with damages").

jurors. *See Enzo*, 2003 U.S. Dist. LEXIS 10202, at *16 (courts "bifurcate complex patent cases

in such a way to prevent jury confusion"); *Robert Bosch LLC*, 2009 U.S. Dist. LEXIS 76010, at

*3 (noting that "the burden imposed [on] a jury in a patent trial is extraordinary"); *Ciena Corp. v.

Corvis Corp.*, 210 F.R.D 519, 521 (D. Del. 2002) ("In the context of patent cases, experienced

judges use bifurcation and trifurcation both to simplify the issues . . . and to maintain

manageability of the volume and complexity of the evidence presented to a jury.") (citation and

internal quotations omitted).  Additionally, this Court has held that willfulness logically should

be tried together with damages because "willfulness is a damages issue, not a liability issue."

*Robert Bosch LLC*, 2009 U.S. Dist. LEXIS 76010, at *4 (willfulness "requires quantitatively and

qualitatively different proof than does infringement").

### A.     The Complexity Of Issues In This Case Weighs In Favor Of Bifurcation

In determining whether to bifurcate, courts "should consider whether bifurcation will

avoid prejudice, conserve judicial resources, and enhance juror comprehension of the issues

presented in the case." *Lab. Skin Care, Inc.*, 757 F. Supp. 2d at 441 (quoting *Enzo*, 2003 U.S.

Dist. LEXIS 10202, at *14).  Here, during the liability phase, the jury will confront difficult

issues of patent law, medical device engineering, brachytherapy, and radiation therapy (as those

issues pertain to the asserted patents as well as to the prior art).  Given their scope and

complexity, the liability claims and defenses will likely require the exchange of a variety of

expert reports and significant expert discovery.  The jury should be allowed to focus on these

issues first before confronting issues of damages and willfulness.  *Princeton Biochemicals, Inc.

v. Beckman Instruments, Inc.*, 180 F.R.D. 254, 257 (D.N.J. 1997) (granting motion to bifurcate in

action involving single patent related to capillary electrophoresis systems, emphasizing that

"[e]ven plaintiff's most simplistic assessment of the underlying technology and the liability

issues in question are likely to be confusing to a jury, unsophisticated in the area of intellectual property").

The damages and willfulness issues are likely to be similarly complex.  In assessing damages, the jury may well have to confront separate complex issues relating to advice of counsel, royalties, lost profits and/or price erosion.  For instance, merely in determining what would have constituted a "reasonable royalty" at the time of a hypothetical negotiation, the jury will be required to consider fifteen "*Georgia-Pacific*" factors, including "the nature and scope of a license that would have been granted to a hypothetical licensee and the business risks faced by the hypothetical licensee." *Novopharm Ltd. v. Torpharm, Inc.*, 181 F.R.D. 308, 311 (E.D.N.C. 1998); *see also Yamaha Hatsudoki Kabushiki Kaisha v. Bombardier Inc.*, 59 U.S.P.Q. 2d (BNA) 1088, 1089-90 (C.D. Cal. 2001) ("A determination of reasonable royalty requires evidence on 15 different factors, <u>each of which is complex.</u>") (emphasis added) (internal citation omitted).  A "lost profits" theory of damages would bring with it similar complexities.  SenoRx's claim of lost profits would require analysis of evidence relating to (1) market demand for the accused product; (2) SenoRx's ability to meet demand; (3) the absence of non-infringing substitutes; and (4) the amount of profit that SenoRx would have made on allegedly lost sales "but for" Hologic's supposed infringement. *See Novopharm*, 181 F.R.D. at 311.  The types of sales, marketing, and accounting evidence that would be required to address these issues is precisely the sort of "complex" evidence weighing in favor of bifurcation. *See F & G Scrolling Mouse L.L.C. v. IBM Corp.*, 190 F.R.D. 385, 389 (M.D.N.C. 1999) ("The damage phase has been found to be complex

when damages are predicated on lost profits and/or reasonable royalties which can involve expert witnesses and voluminous financial data.").[2]

Although bifurcation will not eliminate the difficulty of the issues, it will make those issues more manageable for the jury.  *See Lab. Skin Care, Inc.*, 757 F. Supp. 2d at 442 (noting that "[t]he burden on the jury, and risk of juror confusion, will also be reduced by trying [infringement] separately" from damages and willfulness); *B. Braun Med.*, 1994 U.S. Dist. LEXIS 12104, at *3  (court "finds it likely that the jury will become confused if required to consume this amount of information at one time").  The jury should be permitted to focus on the complex technical involved in making a liability determination before wading into the equally complex issues posed by the various damages inquiries.  *See In re Recombinant DNA Tech. Patent & Contract Litig.*, 30 U.S.P.Q. 2d (BNA) 1881, 1899 (S.D. Ind. Mar. 2, 1994) ("The information the jury must comprehend to determine the liability issues alone is burdensome. Admitting financial data that also is potentially time-consuming and complex could make that burden unmanageable.").

## B.    Bifurcation Will Also Promote Efficiency And Judicial Economy

Bifurcation will also promote efficiency and judicial economy, potentially obviating a trial on damages and willfulness without requiring significant duplication of evidence or testimony.  *See Princeton*, 180 F.R.D. at 258; *Novopharm*, 181 F.R.D. at 310-11.  Specifically, if the asserted claims are found to be either non-infringed or invalid, whether at summary judgment

---

[2] A "price erosion" theory of damages would bring still more complexities for a jury to consider. To receive price erosion damages, SenoRx would have to show that, but for infringement, it would have been able to charge and receive a higher price on its sales.  *See Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1357 (Fed. Cir. 2001).  A price erosion theory "must account for the nature, or definition, of the market, similarities between any benchmark market and the market in which price erosion is alleged, and the effect of the hypothetically increased price on the likely number of sales at that price in that market."  *Id.*

or trial, no damages or willfulness issues need be resolved. *Lab. Skin Care*, 757 F. Supp. 2d at

442 ("Judicial resources may be conserved through bifurcation, as liability may not be found, or

even if found it may simplify the subsequent damages and willfulness trial."). Consequentially,

both parties, as well as the Court, may be saved from expending valuable time and effort to

litigate potentially unnecessary issues.

### C. Prejudice To Hologic Absent Bifurcation Outweighs Any Unfair Prejudice To SenoRx

Finally, the prejudice to SenoRx from bifurcation is minimal. The parties are just

beginning fact discovery, and expert discovery is not scheduled to begin until May of 2013. The

Court has not yet decided claim construction issues, and no party has noticed any fact or 30(b)(6)

depositions as of the filing of this motion. Therefore, SenoRx cannot credibly claim prejudice

from delay or untimeliness. In contrast, the potential prejudice to Hologic if bifurcation is not

ordered is substantial. Hologic will be forced to provide extensive and onerous discovery

relevant only to damages issues. That discovery will no doubt delve into highly sensitive

information especially in a case between hard-fought competitors. Moreover, it will be required

to provide intrusive discovery relating to the issue of willfulness. *See Robert Bosch LLC*,

2009 U.S. Dist. LEXIS 76010, at *5 n. 3 ("Willfulness is an intrusive and inflammatory issue to

discover and try."); *Dutch Branch*, 2009 U.S. Dist. LEXIS 76006, at *4 (evidence on willfulness

is irrelevant to elements required to justify injunctive relief, and "such intrusive discovery can be

pursued in a focused manner after trial, in the event the jury returns a verdict in plaintiff's

favor"). To avoid prejudicing Hologic, bifurcation is warranted.

### D. Discovery Of Damages And Willfulness Should Be Stayed Pending Resolution Of The Liability Issues

Fed. R. Civ. P. 26(d) grants the trial court broad discretion over the timing and sequence

of discovery. *See Crawford-El v. Britton*, 523 U.S. 574, 599 (1998). In this case, if the damages

and willfulness phase is bifurcated (as it should be, for the reasons set forth above), discovery on damages should be stayed in order to properly effectuate the purposes behind separate trials under Rule 42(b). *See Princeton*, 180 F.R.D. at 260-61 ("In light of the aforementioned concerns regarding the potentially unnecessary expense and effort involved in adjudicating the willfulness and damages issues before a finding of liability, this Court will stay the discovery on these issues for the same reasons."). As the *Princeton* court noted, if damages are bifurcated, there is "no reason to order defendant to expend tremendous efforts and funds to produce volumes of documents [and expert reports] concerning issues of damages and willfulness prior to a finding of liability." *Id.*; *see also Novopharm*, 181 F.R.D. at 312 (staying damages discovery pending resolution of liability, noting that "[o]ne of the purposes of bifurcation under Rule 42(b) is to defer costly discovery and trial preparation costs pending the resolution of preliminary liability issues"). The same logic is equally applicable here. In light of the unnecessary expenses and effort the parties would be compelled to expend on damages- and willfulness-related discovery prior to a finding of liability, and given that no fact depositions or expert discovery has occurred on these issues, discovery on damages and willfulness should be stayed pending resolution of the liability issues.

## V.      CONCLUSION

For the foregoing reasons, Hologic respectfully requests that the Court issue an order that all issues relating to damages and willfulness be tried, if necessary, separately from and after the liability trial in this case. Hologic also request that the Court stay any discovery regarding damages and willfulness issues until after a final determination of liability.

**YOUNG CONAWAY STARGATT & TAYLOR LLP**

*/s/ Karen L. Pascale*

July 26, 2012
_____

Karen L. Pascale (#2903) *[kpascale@ycst.com]*
James L. Higgins (#5021) *[jhiggins@ycst.com]*
Rodney Square
1000 North King Street
Wilmington, Delaware 19899-0391
Telephone:  (302) 571-6600
*Attorneys for Defendant Hologic, Inc.*


OF COUNSEL:

Matthew M. Wolf
John E. Nilsson
Amy L. DeWitt
ARNOLD & PORTER LLP
555 12th St. NW
Washington, DC 20004
Telephone: (202) 942-5000

10

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on July 26, 2012, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF (which will send notification that such filing is available for viewing and downloading to all registered counsel), and in addition caused true and correct copies of the foregoing document to be served upon the following counsel of record in the manner indicated:

### *By E-Mail*

Jack B. Blumenfeld [jblumenfeld@mnat.com]
MORRIS, NICHOLS, ARSHT & TUNNELL, LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19801

Bruce R. Genderson [bgenderson@wc.com]
Aaron P. Maurer [amaurer@wc.com]
Adam D. Harber [aharber@wc.com]
Patricia L. Richman [prichman@wc.com]
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005

*Attorneys for Plaintiff SenoRx, Inc.*

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

Karen L. Pascale (#2903) [kpascale@ycst.com]
James L. Higgins (#5021) [jhiggins@ycst.com]
Rodney Square
1000 North King Street
Wilmington, DE 19899-0391
Telephone: 302-571-6600

*Attorneys for Defendant Hologic, Inc.*

01:12121977.1