## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SENORX, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-173 (LPS) (CJB) |
| | ) | |
| HOLOGIC, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### STIPULATED PROTECTIVE ORDER

WHEREAS, discovery in the above-entitled action ("Action") may involve the disclosure of certain documents, things and information in the possession, custody or control of a party that constitute or contain trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and as further set forth below;

WHEREAS, the parties, through counsel, stipulate to the entry of this Protective Order to limit the disclosure of and to prevent the use of confidential information for purposes other than the prosecution and defense of this Action; and

WHEREAS, the parties, through counsel, stipulate that good cause exists for the entry of this Protective Order pursuant to Fed. R. Civ. P. 26(c) to protect against improper disclosure or use of confidential information produced or disclosed in this case.

IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL AND ORDER OF THE COURT, as follows:

1.     **Scope of Protective Order**. This Protective Order shall apply to all information, documents and things produced or within the scope of discovery in this Action, including, without limitation, all testimony adduced at depositions, documents or things produced in

response to requests for the production of documents and things, answers to interrogatories, responses to requests for admission and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as hearing or trial transcripts, matters in evidence and any other information furnished, directly or indirectly, by or on behalf of any party to this Action or any THIRD PARTY to the extent such material is designated "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" in accordance with ¶ 2 of this Protective Order. The scope of this Protective Order shall also apply to any information derived from the above, including all copies, excerpts, and summaries thereof, whether partial or complete, as well as testimony and oral conversations that reveal all or part of such information.

This Protective Order shall also govern any designated record of information produced in this Action pursuant to required disclosures under any federal procedural rule or District of Delaware local rule, and any supplementary disclosures thereto.

2.      **Definitions**. The terms "CONFIDENTIAL INFORMATION," "HIGHLY CONFIDENTIAL INFORMATION," "THIRD PARTY" or "THIRD PARTIES," "PRODUCING PARTY," and "RECEIVING PARTY" as used herein, shall mean the following:

a.      "CONFIDENTIAL INFORMATION" means information, in any form, relating to confidential research, development, regulatory, financial, commercial marketing or business information, trade secrets, know-how, or proprietary data relating to research, development, financial, commercial, marketing, business, or other technical or nontechnical subject matter within the meaning of Fed. R. Civ. P. 26(c)(1) that is not generally known to the public and which the PRODUCING PARTY would not normally reveal to THIRD PARTIES or, if disclosed, would require such THIRD PARTIES to maintain in confidence. The

designation of "CONFIDENTIAL INFORMATION" by the PRODUCING PARTY constitutes a representation of the PRODUCING PARTY that it reasonably and in good faith believes that the designated material constitutes, contains, reveals, relates to, or reflects its trade secrets or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G).

b.     "HIGHLY     CONFIDENTIAL     INFORMATION"     means CONFIDENTIAL INFORMATION that is of such a sensitive nature that it supports a reasonable good faith belief that granting access to such information to an employee or officer of a competitor or an opposing party will place the PRODUCING PARTY at a competitive disadvantage. HIGHLY CONFIDENTIAL INFORMATION includes proprietary information that has not been publicly disclosed and that the designating party believes in good faith would cause the designating party to suffer substantial competitive harm if publicly known or known by agents or employees of the Parties who would have access under this Order only to "CONFIDENTIAL" information.

c.     "THIRD PARTY" or "THIRD PARTIES" means any party who is not, and never has been, a named party in this Action.

d.     "PRODUCING PARTY" means any party to the Action or any THIRD PARTY, including its counsel, retained experts, directors, officers, employees, or agents, who produces any document, thing, material, item, or testimony during the discovery process in the Action.

e.     "RECEIVING PARTY" means any party to the Action, including its counsel, retained experts, directors, officers, employees, or agents, who receives any document, thing, material, item, or testimony during the discovery process in the Action.

3.      **THIRD PARTIES under the Protective Order**. If a THIRD PARTY provides discovery to any party in connection with this Action, the provisions of this Protective Order shall apply to such discovery and the parties will treat all information that is produced by such THIRD PARTY in accordance with the terms of this Protective Order to the extent it is designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. Under such circumstances, the THIRD PARTY shall have the same rights and obligations under this Protective Order as held by the parties to this Action.

4.      **Designation.** The PRODUCING PARTY shall have the right to designate information as CONFIDENTIAL or HIGHLY CONFIDENTIAL, subject to this Protective Order. To the extent that material is marked CONFIDENTIAL or HIGHLY CONFIDENTIAL, such material shall only be revealed to or used by limited categories of individuals, as provided for herein, and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order. Any copies of such material, abstracts, excerpts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL, and the same terms regarding confidentiality of these materials shall apply as apply to the originals. The procedures for designating materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL are as follows:

a.      **Designation of Documents and Things**. The PRODUCING PARTY shall label or mark each page of each document and thing that constitutes or contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," respectively, or otherwise designate the materials as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION and subject to the Protective Order when the document or thing is produced to the RECEIVING PARTY. Tangible things that cannot be so marked shall be marked by placing the appropriate legend on a container or package in which the thing is produced, on a tag attached thereto, or in a prominent place prior to the production of such tangible thing.

Each page of each document and each thing produced pursuant to discovery in this Action shall also bear a unique identifying number, except unique identifying numbers shall not be required when documents or things are produced only for inspection.

Documents and things produced without a legend designating the material CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not be subject to this Protective Order unless otherwise agreed by the parties, ordered by the Court, or otherwise designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in accordance with the provisions of ¶ 9 of this Protective Order. Inspection of documents or things by any party shall be conducted by persons eligible under ¶ 13 below. Such persons shall initially treat all information obtained during or from any inspection as containing HIGHLY CONFIDENTIAL INFORMATION until such time as copies of documents or things from the inspection are produced, and, thereafter, upon selection of specified documents for copying by the RECEIVING PARTY, such produced documents and things shall be treated in accordance with the confidentiality designation appearing on the document or thing at the time of its production.

Documents and things produced or made available for inspection may be subject to redaction, in good faith by the PRODUCING PARTY, of information that is neither relevant to the subject of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or is subject to the attorney-client privilege or to work-product immunity. Each such

redaction, regardless of size, shall be clearly labeled. This Paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information. All documents redacted based on attorney-client privilege or work-product immunity shall be listed on a privilege log in accordance with Fed. R. Civ. P. 26(b)(5).

        **b.**      **Designation of Interrogatories, Requests for Admission and Testimony**. Any response to written interrogatories or requests for admission or any testimony adduced at a deposition upon written questions (or any portion of any of the foregoing) that constitutes or contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be labeled or marked with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the party providing the response or testimony on the first page of that document near the caption to provide notice that the document contains CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION. Responses or testimony served without a legend on the first page designating the material as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall not be CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION subject to this Protective Order unless otherwise agreed by the parties, ordered by the Court or designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in accordance with the provisions of ¶ 9 of this Protective Order.

        **c.**      **Designation of Deposition Transcripts.** Deposition transcripts containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION may be designated as subject to this Protective Order either on the record during the deposition or by providing written notice within thirty (30) days following receipt of the official transcripts of the deposition.  Post-deposition designation shall be specific by page and exhibit.

All deposition transcripts, and exhibits thereto, not previously designated shall be deemed to be, and shall be treated as HIGHLY CONFIDENTIAL for a period of thirty (30) days after receipt of the official transcript of the deposition, and the transcript shall not be disclosed during such time by a non-designating party to persons other than those persons qualified to receive such information pursuant to this Protective Order.

The parties agree to mark at least the first page of all copies of deposition transcripts with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," to the extent they are so designated, and to provide each other notice of which portions of the deposition transcript contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. This Paragraph does not limit any party's right to challenge any presumptive designation or preclude a PRODUCING PARTY from designating testimony or transcripts as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

d.   **Designation of Hearing Testimony or Argument.** With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any argument, question or line of questioning calls for the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, counsel may designate on the record prior to such disclosure that the disclosure is subject to confidentiality restrictions pursuant to this Protective Order. Whenever matter designated CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not qualified to receive such information pursuant to this Protective Order.

e.     **Presumptive Designation of Testimony**.     All testimony adduced at depositions or upon oral examination of any director, officer, employees or agent of the parties, whether current or former, and any testimony adduced at depositions or upon oral examination of the parties' consultants or experts, and any transcripts of the foregoing, will be presumptively treated as HIGHLY CONFIDENTIAL INFORMATION for thirty (30) days. After thirty (30) days, the aforementioned testimony shall no longer be treated as HIGHLY CONFIDENTIAL INFORMATION, unless one or both of the parties has designated specific portions of the testimony as such or unless the parties otherwise agree. The parties agree to mark at least the first page of all copies of deposition transcripts with the legend "CONFIDENTIAL INFORMATION" and to provide each other notice of which portions of the deposition transcript contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. This paragraph does not limit any party's right to challenge any presumptive designation or preclude a producing party from designating testimony or transcripts as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

5.     **Limitations on Attendance at Depositions**. Counsel for a PRODUCING PARTY may request that all persons other than the witness, the court reporter, those individuals specified in ¶¶ 13 and/or 14, as applicable, and counsel for the witness (if a non-party witness) leave the deposition room during the portion of the deposition that inquires about or discloses subject matter that counsel for the PRODUCING PARTY deems to be CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. If individuals other than those specified in the previous sentence fail to leave the deposition room during any portion of the deposition that inquires about or discloses what counsel for the PRODUCING PARTY believes to be CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION, counsel for the PRODUCING PARTY may seek relief from the appropriate Court and, pending resolution of its request for relief, instruct the witness not to answer questions relating to, or limit disclosure of, the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION at issue.

6.      **Limitations on Attendance at Hearings or Trial.** Unless the Court orders otherwise, attendance at a hearing or at a trial session in this Action at which material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION will be used or disclosed shall be limited for the time period during which CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION will be used or disclosed to individuals entitled to have access to such materials under the terms of this Protective Order or the parties agree in writing to such person's attendance.

7.      **Proper Use and Disclosure of Designated Information.** Material marked, labeled or otherwise designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION as described in this Protective Order including information derived from such CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION may be used in testimony at trial, offered into evidence at trial and/or hearings on motions, and may be used to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion in this Action, subject to the limitations and restrictions of this Protective Order and any further order regarding confidentiality that the Court may enter.

Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, and all information derived therefrom, shall be used only by persons permitted access to such information under this Protective Order, shall not be disclosed by the RECEIVING PARTY to any party or person not entitled under this Protective Order to have access to such material, and

shall not be used by the RECEIVING PARTY for any purpose other than in connection with this Action, including without limitation for any research, development, manufacture, patent prosecution, financial, commercial, sales, marketing, regulatory, business, or other competitive purpose (except for settlement of the above-captioned case). Absent consent of the PRODUCING PARTY and/or further order of this Court, all persons receiving information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL are expressly prohibited from using or disclosing such information in connection with any practice before or communication with the United States Patent and Trademark Office ("PTO"), the United States Food and Drug Administration ("FDA"), or their respective counterpart organizations in any foreign jurisdiction.

8.    **Storage of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION**. The RECEIVING PARTY shall maintain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in a secure and safe area and under circumstances to ensure that access is limited to those persons qualified to receive such information pursuant to the Protective Order and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the RECEIVING PARTY with respect to his/her/its own proprietary information.

9.    **Unintentional Failure to Designate CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION**. If a party inadvertently produces or provides discovery of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION without labeling or marking it as provided in this Protective Order, the PRODUCING PARTY shall give written notice to the RECEIVING PARTY, within a

reasonable time after learning of the inadvertent production, that the document, thing or other discovery information, response or testimony is CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and shall be treated as such in accordance with the provisions of this Protective Order. The PRODUCING PARTY will also provide copies of the properly marked information (e.g., documents, discovery responses, transcripts, things, and/or all other information within the scope of this Protective Order). Upon receipt of such notice and properly marked information, the RECEIVING PARTY shall return or destroy said unmarked or incorrectly marked information to the extent practicable and not retain copies thereof, and shall undertake a best effort to correct any disclosure of such information contrary to the redesignation by, among other things, taking the steps necessary to conform distribution to the categorical designation by retrieving all copies of the document, thing, material, item, or testimony, or notes or extracts thereof, in the possession of the person not qualified to receive such information pursuant to the Protective Order and advising the person to whom disclosure was made that the material is CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION and should be treated as provided in the Protective Order. Prior to receipt of such notice, disclosure of such documents, things, information, responses and testimony to persons not authorized to receive CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall not be deemed a violation of this Protective Order.

10.     **Limitations on Advice to Clients**. It is understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of designated CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION received by the party, provided that such rendering of advice and/or otherwise communicating with party-clients the counsel shall not reveal the content of such information, nor the source of such

information, to any person not authorized to receive such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION pursuant to this Protective Order except by prior written agreement with counsel for the PRODUCING PARTY.

11.     **Discovery of THIRD PARTY Information**. It is expressly contemplated, agreed and ordered that THIRD PARTIES, including witnesses, who provide discovery in this action may avail themselves of this stipulation and invoke all provisions of this Order as to that discovery, and that the parties to this Order will treat all material designated by such third parties as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with the terms of this Order.

A PRODUCING PARTY may redact the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of a THIRD PARTY that is in its possession where the PRODUCING PARTY is under an obligation not to disclose such information, provided that the PRODUCING PARTY shall identify the THIRD PARTY to the RECEIVING PARTY and shall not impede discovery by the RECEIVING PARTY from said THIRD PARTY.

12.     **Inadvertent Production or Disclosure of Privileged or Work Product Information**. Notwithstanding anything to the contrary in Fed. R. Civ. P. 26(b)(5)(B), the inadvertent production or disclosure of any document, material, testimony, or thing protected by the attorney-client privilege or work product immunity, or other privilege or immunity, shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege or immunity. In such an event, the PRODUCING PARTY who discovers that it has made such an inadvertent production or disclosure shall notify the RECEIVING PARTY in writing within a reasonable time after learning of such inadvertent production or disclosure and request the return or confirmed destruction of the inadvertently produced or disclosed document or thing, including

all copies or summaries thereof. Within ten (10) business days of receiving a written request, the RECEIVING PARTY shall (a) return to the PRODUCING PARTY or destroy the original document or thing, represented by the PRODUCING PARTY as being covered by a claim of attorney-client privilege or work-product immunity, or other privilege or immunity, and as having been inadvertently produced and (b) destroy all copies, derivations, or summaries of, or notes relating to, any such original document or thing identified represented by the PRODUCING PARTY as being covered by a claim of attorney-client privilege or work-product immunity, or other privilege or immunity inadvertently or mistakenly produced, including any electronic records thereof. The RECEIVING PARTY shall not utilize the information contained in the inadvertently produced documents or things for any purpose, or disseminate or transmit such information.

a.    If the RECEIVING PARTY disputes that any such document or thing is protected by the asserted privilege or immunity, the RECEIVING PARTY shall so notify the PRODUCING PARTY in writing when the document or thing is returned to the PRODUCING PARTY or confirmed to have been destroyed ("Notice of Designation").

b.    Within ten (10) business days after receiving a Notice of Designation, the PRODUCING PARTY shall provide to the RECEIVING PARTY for each document or thing over which a claim of privilege or immunity has been made a privilege log conforming to Fed. R. Civ. P. 26(b)(5), including the basis for the claim of privilege or immunity.

c.    Should the RECEIVING PARTY continue to dispute the claim of privilege or immunity after receiving the privilege log, within ten (10) business days after receiving such privilege log, the PRODUCING PARTY and the RECEIVING PARTY shall meet and confer, and if such conference does not resolve the dispute, then the RECEIVING PARTY may seek

relief from the Court to compel production of such documents and things in accordance with the procedures set forth in the Court's Scheduling Order for resolution of discovery disputes. The party claiming the privilege or immunity shall have the burden of proving that such privilege or immunity exists.

        d.      With respect to documents and things subsequently generated by a RECEIVING PARTY, which documents and things contain information derived from such inadvertently produced documents and things, if the RECEIVING PARTY does not notify the PRODUCING PARTY that the RECEIVING PARTY disputes the claims of attorney-client privilege or work-product immunity, or if the Court rejects any challenge by the RECEIVING PARTY to the claim of privilege or immunity, the RECEIVING PARTY shall either destroy the derivative documents and things or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

        e.      If, in a deposition, hearing, or other proceeding the PRODUCING PARTY who made the inadvertent production or disclosure makes a request on or off the record for return of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time after recognizing that the information has been produced or disclosed, all copies of the inadvertently produced or disclosed document or thing present at the deposition, hearing, or other proceeding shall immediately be sequestered and there shall be no further use of the inadvertently produced or disclosed document or thing. For the avoidance of any dispute, the marking of an inadvertently produced or disclosed document or thing as an exhibit at deposition, hearing, or other proceeding has no bearing on the timeliness of the request for return.

f.      The procedures set forth in this Paragraph for challenging the claim of privilege or immunity over an inadvertently produced document or thing shall not result in any waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity.

g.      The parties have agreed that arguing over whether or not a production was "inadvertent" is an inefficient use of resources and, therefore, the parties stipulate that a PRODUCING PARTY that invokes the provisions of ¶ 12 has provided the documents or information inadvertently.  Accordingly, the only issues for any motion under ¶ 12(c) are: (1) whether the inadvertently disclosed materials are properly subject to a claim of privilege or immunity, and (2) whether, as a result of failure to follow the procedure described in ¶ 12, the PRODUCING PARTY has waived its claim of privilege or immunity over the inadvertently disclosed materials, or the RECEIVING PARTY has waived its claim to compel the production of materials inadvertently disclosed by the PRODUCING PARTY.

13.      **Access to CONFIDENTIAL INFORMATION**. Material marked, labeled or otherwise designated CONFIDENTIAL INFORMATION as described in this Protective Order shall be deemed and treated as CONFIDENTIAL INFORMATION, unless and until the Court rules to the contrary, and access thereto or disclosure thereof shall be limited, unless and until the Court rules that there may be further disclosure, to:

a.      Williams & Connolly LLP and Morris, Nichols, Arsht & Tunnell LLP, litigation counsel of record for Plaintiff SenoRx, Inc. and their partners, associates, attorneys, data entry, information processing, computer support, artist, translating, stenographic, clerical, and paralegal employees or agents whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION.

b.     Two (2) in-house counsel for SenoRx, Inc. and their stenographic or clerical employees whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION, whose names and job titles shall be provided to the party whose confidential information will be inspected by those individuals prior to their receipt of the confidential information and who shall sign a Declaration in the form of Exhibit A hereto.  In the event that one of the aforementioned individuals ceases to have responsibilities relating to this litigation, a party may designate another in-house attorney to replace such person upon giving written notice of such change to the opposing party or parties.

c.     Arnold & Porter LLP and Young Conaway Stargatt & Taylor, LLP, litigation counsel of record for Defendant Hologic, Inc. and their partners, associates, attorneys, data entry, information processing, computer support, artist, translating, stenographic, clerical, and paralegal employees or agents whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION.

d.     Two (2) in-house counsel for Hologic, Inc. and their stenographic or clerical employees whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION, whose names and job titles shall be provided to the party whose confidential information will be inspected by those individuals prior to their receipt of the confidential information and who shall sign a Declaration in the form of Exhibit A hereto. In the event that one of the aforementioned individuals ceases to have responsibilities relating to this litigation, a party may designate another in-house attorney to replace such person upon giving written notice of such change to the opposing party or parties.

e.  Outside consultants or experts and their staffs retained by the parties or their attorneys for purposes of this action, who are not objected to pursuant to ¶ 15, and who first agree to be bound by the terms of this Protective Order.

f.  The Court before which this Action is pending and their authorized staff court reporters.

g.  Court reporters, videographers, and their respective staffs employed in connection with this action.

h.  Any interpreter, any typist or transcriber used by the interpreter who first agrees to be bound by the terms of this Protective Order.

i.  Non-parties specifically retained to assist outside counsel of record with copying and computer services necessary for document handling, other litigation support personnel (e.g., graphic designers and animators, database entry personnel), and other Third Party Vendors.

14.  **Access to HIGHLY CONFIDENTIAL INFORMATION**. Material marked, labeled or otherwise designated HIGHLY CONFIDENTIAL INFORMATION as described in this Protective Order shall be deemed and treated as HIGHLY CONFIDENTIAL INFORMATION, unless and until the Court rules to the contrary, and access thereto or disclosure thereof shall be limited, unless and until the Court rules that there may be further disclosure, to:

a.  Those individuals falling within ¶¶ 13 (a), (c) and (e) – (i).

b.  One (1) in-house counsel for SenoRx, Inc. and their stenographic or clerical employees whose duties and responsibilities require access to HIGHLY CONFIDENTIAL INFORMATION, whose names and job titles shall be provided to the party

whose material marked HIGHLY CONFIDENTIAL INFORMATION only will be inspected by those individuals prior to their receipt of the confidential information and who shall sign a Declaration in the form of Exhibit A hereto, provided, however, that such in-house counsel for SenoRx shall not, for a period of two (2) years from final termination of this Action, as described in ¶ 26, supervise, participate, advise, or otherwise be involved in the drafting or prosecution of patent applications or any proceedings before the PTO or any corresponding foreign patent authority regarding the subject matter of the patents-in-suit.  In the event that one of the aforementioned individuals ceases to have responsibilities relating to this litigation, a party may designate another in-house attorney to replace such person upon giving written notice of such change to the opposing party or parties.

   c.  One (1) in-house counsel for Hologic, Inc. and their stenographic or clerical employees whose duties and responsibilities require access to HIGHLY CONFIDENTIAL INFORMATION, whose names and job titles shall be provided to the party whose material marked HIGHLY CONFIDENTIAL INFORMATION will be inspected by those individuals prior to their receipt of the confidential information and who shall sign a Declaration in the form of Exhibit A hereto, provided, however, that such in-house counsel for Hologic shall not, for a period of two (2) years from final termination of this Action, as described in ¶ 26, supervise, participate, advise, or otherwise be involved in the drafting or prosecution of patent applications or any proceedings before the PTO or any corresponding foreign patent authority regarding the subject matter of the patents-in-suit.  In the event that one of the aforementioned individuals ceases to have responsibilities relating to this litigation, a party may designate another in-house attorney to replace such person upon giving written notice of such change to the opposing party or parties.

15.     **Retention of Experts and Outside Consultants**. A RECEIVING PARTY's disclosure—including giving, showing, disclosing, making available, or communicating—of CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION shall not be made to any such expert or outside consultant described in ¶ 13(e) for a period of ten (10) business days after serving the PRODUCING PARTY with a signed Undertaking in the form of the annexed Exhibit A and the following information (unless the parties agree otherwise): (a) the most recent curriculum vitae or resume of the expert or outside consultant, (b) the identity of each person or entity in the medical device industry for whom the expert has worked or consulted during the preceding four (4) years, and (c) the identity (by name and number of the case, filing date, and location of court) of any litigation in connection with which the expert or consultant has provided professional services during the preceding four (4) years.

Counsel for the PRODUCING PARTY may, within the ten (10) business days after receipt of the Undertaking and the information described in the preceding paragraph, serve a notice of objection on the RECEIVING PARTY by stating specifically in writing a reasonable basis for objecting to the expert or outside consultant's receipt of CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION. If the notice is served, the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION will not be disclosed to such outside consultant. Within five (5) business days after service of the objection by the PRODUCING PARTY, the parties shall meet and confer in good faith to attempt to resolve the dispute, but if the parties are unable to reach any agreement over the disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to the expert or outside consultant, counsel for the objecting party may no later than five (5) business days after the meet and confer, move the Court for an order denying disclosure of any

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to the outside expert or consultant as to which a notice of objection has been served. The objecting party shall have the burden of persuasion that disclosure should not be made. If the objecting party files a motion, the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall not be disclosed to the outside expert or consultant until the Court rules or the parties agree that such disclosure may be made. Failure to file such a motion within five (5) business days after the meet and confer shall operate as a waiver of this objection. The filing and pendency of objections shall not limit, delay, or defer any disclosures of CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery.

16.     **Third Party Vendors**. Counsel may use the services of Third Party Vendors to provide services such as document review, electronic discovery support, computerized legal support, and management services for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearing, trials, pleadings, exhibits marked by any party, briefs and accompanying affidavits and appendices, documents produced by any party, or a party's own attorney work product, all of which may contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. Such disclosure shall be made only on the following conditions:

a.     Counsel desiring to disclose CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to a vendor for the purposes of this Paragraph shall first obtain a signed Undertaking in the form of the annexed Exhibit A, from a representative of the vendor who may receive access to such material. Counsel retaining the

vendor shall retain the original of each such signed Undertaking. Service of the Undertaking shall not be required.

       b.    The vendor shall return to the party's counsel or destroy all copies of transcripts or other documents containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION within thirty (30) business days of the conclusion of this Action, including any Appeals.

       17.    **Disclosure to Other Individuals**. Disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION may be made to individuals not identified in ¶¶ 13 and/or 14, above, as follows:

       a.    CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION may be disclosed to any person not otherwise identified in ¶¶ 13 and/or 14 above as agreed by the party that designated such information CONFIDENTIAL or HIGHLY CONFIDENTIAL.

       b.    Any party may move the Court for an Order that a person not identified in ¶¶ 13 and/or 14 above be given access to CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION after first signing an Undertaking in the form of Exhibit A attached hereto. Counsel for the moving party shall retain the original of each such signed Undertaking. Service of the Undertaking shall not be required.

       c.    CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of a PRODUCING PARTY may also be disclosed to and/or used to examine, at deposition and at trial (or other court hearing): (i) an individual who either prepared, received or reviewed the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION prior to filing of this Action or previously had access or knowledge of the

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, as demonstrated on the face of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION itself or by foundation testimony elicited during a deposition or at trial, and/or; (ii) a currently employed officer or employee of a PRODUCING PARTY.

18.     **Confidentiality of Party's Own Documents.** A party may disclose or use in any manner or for any purpose, any information or documents from that party's own files that the party itself has designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

19.     **Inadvertent Disclosure**. If CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is disclosed or comes into the possession of any person not authorized to receive such information under this Protective Order, the party responsible for the disclosure shall: (a) within five (5) business days of the discovery of such disclosure inform the designating party of all pertinent facts relating to such disclosure, including the identity of the person to whom the inadvertent disclosure was made; (b) use its best efforts to obtain the prompt return of any such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and to bind such unauthorized person or party to the terms of this Protective Order; (c) within three (3) business days of the discovery of such disclosure, inform such unauthorized person or party of all provisions of this Protective Order; and (d) request such unauthorized person or party to sign the Undertaking in the form attached hereto as Exhibit A. The executed Undertaking shall be served upon counsel of record for the PRODUCING PARTY within five (5) business days of its execution by the person or party to whom CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION was disclosed. The

requirements set forth in this Paragraph shall not prevent the PRODUCING PARTY from applying to the Court for further or additional relief.

20. **Filing Under Seal**. Any information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, if filed with the Court in connection with this Action, shall be filed under seal in accordance with the Local Rules or practice of the court in which the information is filed and shall be marked in the caption that the material is being filed under seal. In addition, any document that is to be filed with the Court and that contains or discloses CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be marked "FILED UNDER SEAL" on its cover page. Material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and filed under seal shall be maintained in such manner as provided for by the Court.

Redacted versions of any document that contains or discloses CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION filed with the Court under seal, as detailed above, may be filed with the Court in accordance with normal procedures and made publicly available provided that (i) all CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION set forth in the documents is deleted or obscured and all CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is removed as exhibits and (ii) redacted versions of the documents are clearly marked "PUBLIC VERSION CONFIDENTIAL MATERIAL OMITTED." Redacted versions of the documents also must clearly identify each place where information or exhibits have been deleted.

21. **Challenging Designations**. The acceptance by any party of material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall not constitute an admission or concession, or permit an inference that such material is, in fact,

confidential. Any RECEIVING PARTY may at any time request that the PRODUCING PARTY cancel or modify the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION designation with respect to any document, object or information. Such request shall be made to counsel for the PRODUCING PARTY in writing, and shall particularly identify the designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that the RECEIVING PARTY contends is not confidential or not highly confidential and the reasons supporting its contention. If the PRODUCING PARTY does not agree to remove the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION designation within ten (10) business days, then the party contending that such documents or material are not confidential may request by motion that the Court remove such material from the restrictions of this Protective Order. On such a motion, the PRODUCING PARTY asserting confidentiality shall have the burden of proving that the material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION warrants protection under this Protective Order. But information designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be deemed as such until the matter is resolved.

22.    **No Expansion of Federal Rules of Civil Procedure**. Nothing in this Protective Order shall be construed to be an implied admission or to affect or govern the scope of discovery in this Action, or to preclude any party from moving the Court for a further order pursuant to Fed. R. Civ. P. 26(c), or any other provision of the Federal Rules of Civil Procedure. Nothing contained in this Protective Order shall be construed to require production or disclosure of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION deemed by counsel for the party possessing such material to be protected

from disclosure by the attorney-client privilege or the attorney work-product immunity, or other privilege or immunity, so long as the withheld materials are identified in the manner required by the Federal Rules of Civil Procedure by the PRODUCING PARTY. However, this Protective Order shall not prevent the parties from agreeing that certain categories of documents need not be identified, nor shall it prevent one or more parties from seeking relief from the Court if, e.g., identification of individual documents would be unduly burdensome. This Protective Order shall not preclude any party from moving the Court for an order compelling production or disclosure of such material.

23.   **Miscellaneous**. This Protective Order shall not be construed to prevent any of the parties, or any THIRD PARTY, from applying to the Court for relief or further or additional protective orders, or from agreeing between or among themselves to modifications of this Protective Order, subject to the approval of the Court. The Protective Order shall not preclude the parties from enforcing their rights against any THIRD PARTY not associated with this Action who is believed to be violating their rights.

24.   **Other Proceedings.** Pursuant to the Court's directives in its Scheduling Order, the parties agree to the following provision:

> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

If a RECEIVING PARTY receives a subpoena or other compulsory process from a nonparty to this Protective Order seeking production or other disclosure of a PRODUCING PARTY's

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, that RECEIVING PARTY shall give written notice to outside counsel of record for the PRODUCING PARTY within ten (10) business days after receipt of the subpoena or other compulsory process, identifying the specific CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION sought and enclosing a copy of the subpoena or other compulsory process. If the PRODUCING PARTY timely seeks a protective order, the RECEIVING PARTY to whom the subpoena or other compulsory process was issued or served shall not produce the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION prior to receiving a Court order or consent of the PRODUCING PARTY. In the event that CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is produced to the nonparty, such material shall be treated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION pursuant to this Protective Order.

25.     **Publicly Available Information**. This Protective Order shall not apply to any information of the parties which: (a) the PRODUCING PARTY determines should not be designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION; (b) the PRODUCING PARTY determines, or the Court rules, is already public knowledge; (c) the PRODUCING PARTY determines, or the Court rules, has become public knowledge other than as a result of disclosure by the RECEIVING PARTY, its employees or agents in violation of this Protective Order; or (d) the PRODUCING PARTY determines, or the Court rules, has come or shall come into the RECEIVING PARTY's legitimate knowledge or lawful possession independently of the PRODUCING PARTY under conditions such that its use and/or public disclosure by the RECEIVING PARTY would not

violate any obligation to an opposing party to this Action. The restrictions and obligations set forth herein shall not prohibit discussions of any material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION with any person who already has or obtains legitimate possession thereof.

26. **Survival of Obligations under Protective Order**. With respect to any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, this Protective Order shall survive the final termination of this Action to the extent the information in such material is not or does not become known to the public and continues to be binding upon all persons to whom CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is disclosed hereunder. Upon final termination of this Action, counsel may retain for archival purposes (a) one (1) copy of all trial transcripts and trial exhibits, (b) one (1) copy of all deposition transcripts and deposition exhibits, (c) one (1) copy of all pleadings and exhibits thereto, (d) one (1) copy of all correspondence and exhibits thereto, and (e) any documents, things, copies and samples to the extent they include or reflect the RECEIVING PARTY's attorney work product.

Upon final termination of this Action, settlement or final judgment, including exhaustion of all appeals, however, all other copies and samples of material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and any other summaries, abstracts, excerpts, indices and descriptions of such material and information derived from such material that are recorded in any tangible form, shall be, within ninety (90) days: (a) assembled and returned (except for any that may be retained by the Court) to the PRODUCING PARTY; or, alternatively, (b) counsel for the RECEIVING PARTY may certify in writing the destruction thereof. Accordingly, upon final termination of this Action, no one

other than counsel shall retain any copies or samples of any material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. As to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION stored in backup tapes, the RECEIVING PARTY shall either (a) delete all such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, (b) restrict access to such material with passwords, or (c) designate the information CONFIDENTIAL or HIGHLY CONFIDENTIAL in a manner reasonably calculated to prevent unauthorized access to the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION until it is deleted in the ordinary course of business.

27.     **Waiver or Termination of Order.** No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an Order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon the conclusion of this Action, but shall continue until further Order of this Court. The termination of employment of any person with access to any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall not relieve such person from the obligation of maintaining the confidentiality of such information.

28.     **Modification of Order; Prior Agreements.** This Protective Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Protective Order, to determine whether a particular person shall be entitled to receive any particular information, or to determine whether any inadvertently produced or disclosed document or thing is properly subject to a claim of privilege or immunity. This Protective Order may be modified, and any

matter related to it may be resolved, by written stipulation of the parties without further Order of the Court. On any motion seeking disclosures beyond those authorized by this Protective Order, the burden shall be on the RECEIVING PARTY to justify the disclosure. This Protective Order supersedes any agreements between the parties regarding the confidentiality of particular information entered into before the date of this Protective Order.

29.     **Section Captions.** The title captions for each section of this Protective Order are for convenience only and are not intended to affect or alter the text of the sections or the substance of the Order.

30.     **Days.** All references to "days" in this Order shall be construed as calendar days, unless otherwise specifically indicated.

31.     **Order Applicable Upon Filing with the Court.** Upon filing this Protective Order with the Court, the Parties agree to treat it as "So Ordered," subject to any future modifications by agreement of the Parties or by the Court.

32.     **Effective Date.** The Protective Order shall be effective on the date of its execution, provided that all material previously produced shall be deemed HIGHLY CONFIDENTIAL unless and until such material is redesignated by the PRODUCING PARTY or by further order of the Court.

33.     **Disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION at Trial or Pre-Trial Hearings.** This Protective Order governs only discovery. At trial or on appeal, the parties may redesignate or redact confidential designations as they may agree appropriate, or as the Court orders.

34.   **No Limitation of Other Rights.** This Protective Order shall be without prejudice to the right of any party to oppose production of any information on any and all grounds other than confidentiality.

35.   **Admissibility.** Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any Court proceeding related to this Action. The marking of material as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION pursuant to this Protective Order shall not, for that reason alone, bar its introduction or use at any Court proceeding related to this Action pursuant to such terms and conditions as the Court may deem appropriate, consistent with the need for a complete and accurate record of the proceedings; provided, however, that every effort shall be made, through the use of procedures agreed upon by the parties or otherwise, to preserve the confidentiality of material marked as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

36.   **No Contract.** To the extent the parties have agreed on the terms of this Protective Order, such stipulation is for the Court's consideration and approval as a Protective Order. The parties' stipulation shall not be construed to create a contract between the parties or between the parties and their respective counsel.

MORRIS, NICHOLS, ARSHT & TUNNELL, LLP

/s/ *Jack B. Blumenfeld*

_____

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Plaintiff*

YOUNG CONAWAY STARGATT & TAYLOR LLP

/s/ *James L. Higgins*

_____

Karen L. Pascale (#2903)
James L. Higgins (#5201)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
kpascale@ycst.com
jhiggins@ycst.com

*Attorneys for Defendant*

IT IS SO ORDERED this _____ day of _____, 2012.

_____
HONORABLE CHRISTOPHER J. BURKE
UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SENORX, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-173 (LPS) (CJB) |
| | ) | |
| HOLOGIC, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

I, _____, state that:

My business address is _____

_____

My present employer and current job title is _____

_____.

    1.    I have received a copy of the Protective Order in this Action. I have carefully read and understand the provisions of the Protective Order.

    2.    I will be bound by and will comply with all provisions of the Protective Order and hereby submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of the enforcement of the Protective Order in this Action. I will hold in confidence, will not disseminate or disclose to any person, entity, party, or agency not qualified under the Protective Order, and will use only for purposes of this Action, any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, including the substance and any copy, summary, abstract, excerpt, index, or description of such material, that I review or which is disclosed to me as well as any knowledge or information derived from any of the above mentioned items.

3.      I will destroy or return all CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that comes into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained or from whom I received such material when requested to do so. I acknowledged that deletion or return of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

4.      I understand that if I violate the provisions of the Protective Order, I will be subject to sanctions by the Court and that the one or more of the parties may assert other remedies against me. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Action.

_____          _____
Date                                     Signature