# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SENORX, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 12-173-LPS-CJB |
| | ) |
| HOLOGIC, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**OPENING BRIEF IN SUPPORT OF HOLOGIC'S MOTION TO STAY PENDING**
**<u>*INTER PARTES* REEXAMINATION OF THE PATENTS-IN-SUIT</u>**

**YOUNG CONAWAY STARGATT & TAYLOR LLP**
Karen L. Pascale (#2903)
Pilar G. Kraman (#5199)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600

OF COUNSEL
Matthew M. Wolf
John E. Nilsson
Amy L. DeWitt
**ARNOLD & PORTER LLP**
555 Twelfth Street, NW
Washington, D.C. 20004
(202) 942-5000

*Attorneys for Defendant Hologic, Inc.*

September 12, 2012

**TABLE OF CONTENTS**

I. FACTUAL AND PROCEDURAL BACKGROUND ...........................................................1

II. SUMMARY OF ARGUMENT ........................................................................................2

III. ARGUMENT ...................................................................................................................2

    A. The Status Of The Litigation Unquestionably Favors A Stay .................................3

    B. A Stay Will Simplify The Issues And Trial .............................................................3

    C. No Undue Prejudice To SenoRx Or Tactical Advantage To Hologic Will Result From A Stay ........................................................................6

IV. CONCLUSION .................................................................................................................8

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Anascape, Ltd. v. Microsoft Corp.*,
  475 F. Supp. 2d 612 (E.D. Tex. 2007)..................................................................................7

*Belden Technologies Inc. v. Superior Essex Communications LP*,
  C.A. No. 08-63-SLR, 2010 WL 3522327 (D. Del. Sept. 2, 2010) ..................................3, 6, 8

*Brown v. Shimano America Corp.*,
  18 U.S.P.Q. 2d 1496 (C.D. Cal. 1991)..................................................................................7

*Enhanced Security Research, LLC v. Cisco Systems, Inc.*,
  C.A. No. 09-571-JJF, 2010 WL 2573925 (D. Del. June 25, 2010) ..................................3, 4, 7

*Ethicon, Inc. v. Quigg*,
  849 F.2d 1422 (Fed. Cir. 1988)..............................................................................................2

*Gioello Enterprises Ltd. v. Mattel, Inc.*,
  C.A. No. 99-375 GMS, 2001 WL 125340 (D. Del. Jan. 29, 2001) .....................................5, 6

*Gould v. Control Laser Corp.*,
  705 F.2d 1340 (Fed. Cir. 1983)..............................................................................................2

*Oracle Corp. v. Parallel Networks, LLP*,
  C.A. No. 06-414-SLR, 2010 WL 3613851 (D. Del. Sept. 8, 2010) ......................................3

*Pegasus Development Corp. v. Directv, Inc.*,
  C.A. No. 00-1020-GMS, 2003 WL 21105073 (D. Del. May 14, 2003)..........................2, 4, 5

*United Sweetener USA, Inc. v. Nutrasweet Co.*,
  766 F. Supp. 212 (D. Del. 1991)............................................................................................5

*Wall Corp. v. BondDesk Group, L.L.C.*,
  C.A. No. 07-844 GMS, 2009 WL 528564 (D. Del. Feb. 24, 2009).......................................7

*Xerox Corp. v. Google, Inc.*,
  270 F.R.D. 182 (D. Del. 2010) ..............................................................................................4

**STATUTES**

35 U.S.C. § 315(c) .........................................................................................................................5

MPEP § 2261 .................................................................................................................................8

MPEP § 2286 .................................................................................................................................8

Defendant Hologic, Inc. ("Hologic") submits this Opening Brief and accompanying Declaration of Amy L. DeWitt ("DeWitt Decl.") in support of its motion to stay this action pending the resolution of *inter partes* reexamination of the patents-in-suit.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On February 10, 2012, Plaintiff SenoRx, Inc. ("SenoRx") filed its Complaint (D.I. 1) alleging two counts of patent infringement against Hologic. Specifically, SenoRx contends that Hologic infringes U.S. Patent No. 8,079,946 ("the '946 patent") and U.S. Patent No. 8,075,469 ("the '469 patent"), both of which relate to devices and methods for asymmetrical irradiation of a body cavity or site. Hologic filed its Answer on May 23, 2012 (D.I. 7), asserting as affirmative defenses that both the '946 patent and the '469 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and 112. Hologic also raised four counterclaims, seeking a judicial declaration that it had not infringed either patent and that both patents are invalid.

On August 1, 2012, Hologic filed a request for *inter partes* reexamination of all claims (1-5) of the '469 patent with the U.S. Patent and Trademark Office ("PTO"), on the basis that those claims are invalid under 35 U.S.C. §§ 102 and/or 103. *See* DeWitt Decl. Ex. 1. On September 4, 2012, the request was granted, and all five claims currently stand rejected. *See* DeWitt Decl. Ex. 2, 3. On September 10, 2012, Hologic filed a request with the PTO for *inter partes* reexamination of claims 1-5, 7-10, 13, 15-18, 20-22, 25-26, 28-42, 47-87, and 91-95 of the '946 patent, again on the basis that the claims are invalid under 35 U.S.C. §§ 102 and/or 103. *See* DeWitt Decl. Ex. 4. Hologic fully expects this second request for reexamination to be granted also. This second request implicates every claim in the '946 patent that could possibly be asserted against Hologic's MammoSite Multi-Lumen (the accused device) in this litigation. In order to simplify this case and conserve judicial resources, Hologic now requests that the

1

Court stay this litigation pending resolution of the reexaminations and a determination of the validity of the '469 and '946 patents by the PTO.[1]

## II.   SUMMARY OF ARGUMENT

A stay pending *inter partes* reexamination of the patents-in-suit is particularly appropriate here given the posture of this case, which is in its earliest stages. Although a scheduling order has been entered, no significant discovery has taken place. Limited documents have been produced. No depositions have been noticed. No contentions or interrogatories have been served. As Hologic has a reasonable likelihood of prevailing in the reexaminations on at least one of the claims for each of patents with respect to at least one of the multiple prior art references identified therein, a stay will at a minimum narrow the issues in this case and will likely eliminate all of SenoRx's claims. Accordingly, a stay is fully warranted.

## III.   ARGUMENT

This Court has broad discretion to manage its own docket, and this authority includes the prerogative to grant a motion to stay pending reexamination of a patent by the PTO. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); *Pegasus Dev. Corp. v. Directv, Inc.*, C.A. No. 00-1020-GMS, 2003 WL 21105073, at *1 (D. Del. May 14, 2003). Indeed, "[o]ne purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983).

---

[1] Prior to filing its first request for reexamination, Hologic moved to bifurcate trial of liability issues from those of damages and willfulness. (D.I. 15-16.) In connection with that motion, Hologic has also moved to stay discovery on issues of damages and willfulness. Of course, Hologic's motion to bifurcate will be moot, at least for the present, if the instant motion is granted.

2

When considering whether such a stay should be granted, the court must examine three primary factors: (1) the status of the litigation, and whether discovery is complete or a trial date has been set; (2) whether the stay will simplify the issues for trial; and (3) "whether the granting of a stay would cause the non-moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear tactical advantage over the non-moving party. . . ." *Belden Techs. Inc. v. Superior Essex Commc'ns LP*, C.A. No. 08-63-SLR, 2010 WL 3522327, at *2 (D. Del. Sept. 2, 2010) (citing *Enhanced Sec. Research, LLC v. Cisco Sys., Inc.*, C.A. No. 09-571-JJF, 2010 WL 2573925, at *2 (D. Del. June 25, 2010)). Here, each of these factors weighs in favor of granting the stay pending reexamination by the PTO.

### A.     The Status Of The Litigation Unquestionably Favors A Stay

The timing of the motion and the current status of the litigation favor a stay pending reexamination. Because no significant discovery has been taken and no trial date has been set, a stay is particularly appropriate. *Compare Enhanced Sec. Research, LLC*, 2010 WL 2573925, at *3 (granting a stay where no trial date had been set, discovery was not complete and interrogatories and depositions were scheduled to take place for several more months, and the litigation was generally "in its early stages"), *with Oracle Corp. v. Parallel Networks, LLP*, C.A. No. 06-414-SLR, 2010 WL 3613851, at *2 (D. Del. Sept. 8, 2010) (concluding that the timing of litigation cut against a stay where fact and expert discovery had been complete for two years, claim construction and summary judgment were complete, and the summary judgment opinion had already been reviewed by the Federal Circuit).

### B.     A Stay Will Simplify The Issues And Trial

Staying the litigation until the PTO has completed the reexaminations will undoubtedly simplify the issues for trial. Courts within this jurisdiction have recognized the many efficiencies that result from the reexamination process:

3

> (1) many discovery problems relating to the prior art may be alleviated; (2) the record of the reexamination likely would be entered at trial, reducing the complexity and length of the litigation; (3) the issues, defenses, and evidence will be more easily limited in pre-trial conferences following a reexamination; (4) the outcome of the reexamination process may encourage a settlement without further involvement of the court; and (5) if the patent is declared invalid, the suit likely will be dismissed as to that patent.

*Pegasus Dev. Corp.*, 2003 WL 21105073, at *2.

These same efficiencies weigh in favor of a stay here. Hologic has requested reexamination for all claims that could possibly be asserted against the accused device. In other words, every claim that could potentially be at issue in this case will be before the PTO. Current statistics show that 89% of all requests result in either total claim cancellation or claim changes. Thus, it is likely that a reexamination would eliminate or alter many of SenoRx's claims. *See* DeWitt Decl. Ex. 5. Moreover, the reexaminations were requested in light of at least three prior art references, all of which will likely figure in Hologic's invalidity defenses. Thus, even if a stay does not eliminate SenoRx's claims entirely, it will allow for a simplification of the issues before the Court, including the disclosures and teachings of prior art references that may be before the Court. *See Enhanced Sec. Research, LLC*, 2010 WL 2573925, at *3 (concluding there was a "strong likelihood" that a stay would simplify the issues and defenses where every claim of both patents at issue was subject to reexamination and the reexamination was granted in light of prior art references that would be relied on as part of defendant's invalidity defense).

Moreover, even if SenoRx were to amend one or more claims in response to a rejection or rejections by the PTO, this too will necessarily narrow SenoRx's claims for trial. *See Xerox Corp. v. Google, Inc.*, 270 F.R.D. 182, 184 (D. Del. 2010) ("amendments made during reexamination can only serve to *narrow* the original claims"). And, whatever the outcome of the reexaminations, the Court will nonetheless benefit from the PTO's analysis of the prior art. *See*

*United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212, 217 (D. Del. 1991) (recognizing that while the court was "fully competent to adjudicate the merits of the issues," a stay would permit review by the PTO, which "possess[es] a great deal of expertise and experience in analyzing the merits of the petition for reexamination" and would "help to sharpen and simplify the issues and to organize discovery"); *Gioello Enters. Ltd. v. Mattel, Inc.*, C.A. No. 99-375 GMS, 2001 WL 125340, at *1 (D. Del. Jan. 29, 2001) (recognizing that one advantage to staying proceedings pending reexamination is that "all prior art presented to the court at trial will have been first considered by the PTO with its particular expertise"). Finally, if any asserted claim of the '469 patent or '946 patent is ultimately upheld after reexamination, Hologic would be estopped from pursuing anticipation and/or obviousness invalidity defenses as to that claim with respect to any prior art references of which it knew or should have known, thus streamlining the issues both for SenoRx and for the Court. *See* 35 U.S.C. § 315(c) ("A third-party requester . . . is estopped from asserting at a later time, in any civil action arising in whole or in part under section 1338 of title 28, the invalidity of any claim finally determined to be valid and patentable on any ground which the third-party requester raised or could have raised during the inter partes reexamination proceedings.").

     In short, staying the case pending reexamination will "result in a simplification or reduction of issues for the court's consideration, or it may dispense with the litigation entirely," and such efficiencies "will result in a reduced cost of litigation for the parties and more effective utilization of the limited resources of the court." *Pegasus Dev. Corp.*, 2003 WL 21105073, at *2. Moreover, "[n]ot staying the proceedings runs the risk of inconsistent adjudications or issuance of advisory opinions." *Gioello Enters. Ltd.*, 2001 WL 125340, at *1. Here, "the grant

of a stay will maximize the likelihood that neither the Court [sic] nor the parties expend their assets addressing invalid claims." *Id.* at *2 (alteration in original).

### C. No Undue Prejudice To SenoRx Or Tactical Advantage To Hologic Will Result From A Stay

The court in *Belden Technologies* explained that there are several factors to consider when determining whether the imposition of a stay will result in prejudice to the non-moving party: (1) timing of the request for reexamination; (2) timing of the request for stay; (3) status of the reexamination proceedings; and (4) the relationship of the parties. *See Belden Techs. Inc.*, 2010 WL 3522327, at *2-3.

The timing of these requests suggests no undue prejudice to SenoRx. The *Belden Technologies* court explained that "[a] request for reexamination made well after the onset of litigation followed by a subsequent request to stay may lead to an inference that the moving party is seeking an inappropriate tactical advantage." *Id.* at *2. No such inference can be made here. The litigation is still in its earliest stages, and Hologic filed its request with the PTO without any undue delay after being sued for patent infringement. Moreover, Hologic has moved to stay this litigation immediately after filing its second request for reexamination. In contrast, in *Belden Technologies*, the motion to stay was filed "a mere eleven days before trial" and months after the request for reexamination was filed. *Id.* Neither SenoRx nor Hologic has invested in deposition discovery or even expert discovery, let alone trial preparation. *See id.* (noting that a motion to stay filed less than two weeks before trial was "prejudicial to Belden's investment in trial preparation and does not comport with the notion of judicial efficiency").

The status of the reexamination requests also weighs in favor of a stay of this case. The first request has already been granted. Thus, all claims of one of the two patents-in-suit are before the patent office, which has come to a preliminary conclusion that they are invalid. *See*

6

DeWitt Decl. Ex. 3 at 2 (noting that "there is a reasonable likelihood that the requester will prevail with respect to at least one of the patent claims" and that "[c]laims 1-5 stand rejected herein").) The second request was just filed, and so the PTO has yet to address it. *See* DeWitt Decl. Ex. 4. Nonetheless, the fact that reexamination has not yet been granted does not counsel against granting Hologic's motion to stay. *See, e.g.*, *Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 616 (E.D. Tex. 2007) ("Any stay granted by the court will remain in effect only if the PTO decides to proceed with reexamination."); *Brown v. Shimano Am. Corp.*, 18 U.S.P.Q. 2d 1496, 1496 (C.D. Cal. 1991) (granting the motion to stay proceedings until the PTO ruled on the request for reexamination). Pursuant to 35 U.S.C. § 312, the second request will be decided within three months. Just as the first was granted, it is highly likely that the second will also be granted. Indeed, current statistics from the PTO show that 94% of *inter partes* reexamination requests are granted. *See* DeWitt Decl. Ex. 5.

 In response to this motion, SenoRx will in all likelihood complain of the delay of this case. Courts have made clear, however, that delay alone does not constitute prejudice. *See Enhanced Sec. Research, LLC*, 2010 WL 2573925, at *3 ("[T]he Court recognizes that a stay may delay resolution of the litigation, but this alone does not warrant a finding that Plaintiffs will be unduly prejudiced."); *Wall Corp. v. BondDesk Grp., L.L.C.*, C.A. No. 07-844 GMS, 2009 WL 528564, at *2 (D. Del. Feb. 24, 2009) (noting that "the only factor that weighs against staying the litigation is the delay that might enure [sic] in the reexamination process," but such delay "does not, by itself, amount to undue prejudice"). This is especially so given the benefits to judicial economy that can be achieved if these proceedings are stayed while the reexamination process is allowed to proceed. As there is a strong likelihood the PTO will conclude that SenoRx's claims in the '469 and '946 patents are invalid, any inconvenience to SenoRx is outweighed by the time

and resources saved by staying these proceedings so that the parties and the Court need not litigate invalid claims.[2]

With respect to the issue of the relationship between the parties, courts within this district have indicated that imminent and significant competitive harm to the plaintiff/patentee may weigh against a stay. For instance, the request for a preliminary injunction by such a party may indicate the presence of prejudice (if a stay is granted) that would counsel against granting a stay. *See Belden Techs. Inc.*, 2010 WL 3522327, at *3. SenoRx has not requested such a preliminary injunction, however. Additionally, although SenoRx's and Hologic's products at issue in this litigation occupy the same market, Hologic's product has been on the market since October 2009. Finally, even if one or more of SenoRx's claims survive reexamination, and even if the remaining claims survive this litigation and are adjudged infringed, staying the case will not prevent SenoRx from seeking damages that would adequately compensate SenoRx for any delay.

## IV.  CONCLUSION

For the reasons set forth herein, Hologic respectfully requests the Court stay the case pending *inter partes* reexamination of the patents-in-suit by the PTO.

---

[2] Also, even if SenoRx may experience some delay, such delay would be minimized based on the PTO's practice of giving the highest priority to reexaminations of patents subject to litigation, particularly where the litigation has been stayed. *See* MPEP § 2261 ("Any [reexamination] cases involved in litigation . . . will have priority over all other cases."); MPEP § 2286 (where litigation is stayed, a request for reexamination will be reviewed within six weeks of the filing of the request and "all aspects of the proceeding will be expedited to the extent possible").

September 12, 2012

**YOUNG CONAWAY STARGATT & TAYLOR LLP**

*/s/ Karen L. Pascale*

Karen L. Pascale (#2903) [kpascale@ycst.com]
James L. Higgins (#5021) [jhiggins@ycst.com]
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600

*Attorneys for Defendant Hologic, Inc.*

OF COUNSEL:

Matthew M. Wolf
John E. Nilsson
Amy L. DeWitt
**ARNOLD & PORTER LLP**
555 Twelfth Street, NW
Washington, DC 20004
Telephone: (202) 942-5000

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on September 12, 2012, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF (which will send notification that such filing is available for viewing and downloading to all registered counsel), and in addition caused true and correct copies of the foregoing document to be served upon the following counsel of record in the manner indicated:

*__By E-Mail__*

Jack B. Blumenfeld [jblumenfeld@mnat.com]
Regina S.E. Murphy [rmurphy@mnat.com]
MORRIS, NICHOLS, ARSHT & TUNNELL, LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19801

Bruce R. Genderson [bgenderson@wc.com]
Aaron P. Maurer [amaurer@wc.com]
Adam D. Harber [aharber@wc.com]
Patricia L. Richman [prichman@wc.com]
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005

*Attorneys for Plaintiff SenoRx, Inc.*

**YOUNG CONAWAY STARGATT & TAYLOR LLP**

*/s/ Karen L. Pascale*

Karen L. Pascale (#2903) [kpascale@ycst.com]
James L. Higgins (#5021) [jhiggins@ycst.com]
Rodney Square
1000 North King Street
Wilmington, DE 19899-0391
Telephone:  302-571-6600

*Attorneys for Defendant Hologic, Inc.*

01:12121977.1