IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SENORX, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-173 (LPS) (CJB) |
| | ) | |
| HOLOGIC, INC., | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| Defendant. | ) | |

**SENORX'S ANSWERING BRIEF IN OPPOSITION TO HOLOGIC'S MOTION TO STAY PENDING *INTER PARTES* REEXAMINATION OF THE PATENTS-IN-SUIT**

                                                    MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                                    Jack B. Blumenfeld (#1014)
                                                    1201 North Market Street
                                                    P.O. Box 1347
                                                    Wilmington, DE  19899
                                                    (302) 658-9200
                                                    jblumenfeld@mnat.com

                                                    *Attorneys for Plaintiff SenoRx, Inc.*

OF COUNSEL:

Bruce R. Genderson
Aaron P. Maurer
Adam D. Harber
Patricia L. Richman
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
(202) 434-5000

October 1, 2012

## **TABLE OF CONTENTS**

                                                                                    **PAGE**

INTRODUCTION ...........................................................................................................................1

NATURE AND STAGE OF PROCEEDINGS ..............................................................................1

SUMMARY OF ARGUMENT .....................................................................................................2

STATEMENT OF FACTS ............................................................................................................3

ARGUMENT .................................................................................................................................4

      I.       THE STATUS OF THE PROCEEDINGS DISFAVORS A STAY .........................5

      II.      GRANTING A STAY WILL UNDULY PREJUDICE SENORX AND PROVIDE HOLOGIC A CLEAR AND UNWARRANTED TACTICAL ADVANTAGE. .............................................................................................................8

              A.      The Parties Are Direct Competitors, Heavily Disfavoring a Stay. ................8

              B.      A Stay Will Prejudice SenoRx by Increasing the Possibility of Stale or Forgotten Evidence. ........................................................................10

              C.      A Stay Would Unduly Prejudice SenoRx by Superseding Its Choice of Forum. ...........................................................................................11

      III.     HOLOGIC ARTICULATES NO CLEAR HARDSHIP OR INEQUITY THAT IT WOULD SUFFER IN THE ABSENCE OF A STAY. ..........................12

      IV.     HOLOGIC HAS FAILED TO SHOW THAT REEXAMINATION WILL SIMPLIFY THE ISSUES IN THIS CASE. .............................................................13

CONCLUSION ............................................................................................................................15

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Adaptor, Inc. v. Sealing Sys., Inc.*,
  No. 09-cv-1070, 2010 WL 4236875 (E.D. Wis. Oct. 21, 2010) .................. 9

*Anascape, Ltd. v. Microsoft Corp.*,
  475 F. Supp. 2d 612 (E.D. Tex. 2007) .................. 11

*Belden Techs. Inc. v. Super. Essex Commc'ns LP*,
  No. 08-63, 2010 WL 3522327 (D. Del. Sept. 2, 2010) .................. 7, 8

*Biomet Biologics, LLC v. Bio Rich Med., Inc.*,
  No. 10-1582, 2011 WL 4448972 (C.D. Cal. Sept. 26, 2011) .................. 10

*Cellectis, S.A. v. Precision Biosciences, Inc.*,
  --- F. Supp. 2d ---, No. 11-173, 2012 WL 1556489 (D. Del. May 3, 2012) .................. 12

*Cooper Notification, Inc. v. Twitter, Inc.*,
  No. 09-865, 2010 WL 5149351 (D. Del. Dec. 13, 2010) .................. passim

*E.I. Du Pont de Nemours & Co. v. Phillips Petrol. Co.*,
  720 F. Supp. 373 (D. Del. 1989) .................. 8

*Enhanced Sec. Research, LLC v. Cisco Sys., Inc.*,
  No. 09-571, 2010 WL 2573925 (D. Del. June 25, 2010) .................. 8

*Ethicon, Inc. v. Quigg*,
  849 F.2d 1422 (Fed. Cir. 1988) .................. 4

*Gioello Enters. Ltd. v. Mattel, Inc*,
  No. C.A. 99-375, 2001 WL 125340 (D. Del. Jan. 29, 2001) .................. 8

*Holmes Grp., Inc. v. Vornado Air Circulation Sys.*,
  535 U.S. 826 (2002) .................. 11

*ImageVision.Net, Inc. v. Internet Payment Exch., Inc.*,
  No. 12-054, 2012 WL 3866677 (D. Del. Sept. 4, 2012) .................. passim

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) .................. 4, 12

*Life Techs. Corp. v. Illumina, Inc.*,
  No. 09-706, 2010 WL 2348737 (D. Del. Jun. 7, 2010) .................. 5, 6, 7, 8

*Mike's Train House, Inc. v. Broadway Ltd. Imps., LLC*,
  No. 09-2657, 2011 WL 836673 (D. Md. Mar. 3, 2011) .................. 9, 14

*Nat'l Prods., Inc. v. Gamber-Johnson LLC*,
  No. 12-cv-00840, 2012 WL 3527938 (W.D. Wash. Aug. 14, 2012) ...................................... 6, 9

*Network Appliance, Inc. v. Sun Microsys., Inc.*,
  No. C-07-06053 EDL, 2008 WL 2168917 (N.D. Cal. May 23, 2008) ..................................... 13

*Oracle Corp. v. Parallel Networks, LLP*,
  No. 06-414, 2010 WL 3613851 (D. Del. Sept. 8, 2010) ............................................................ 8

*Polymer Techs. v. Bridwell*,
  103 F.3d 970 (Fed. Cir. 1996) .................................................................................................. 9

*SoftView LLC v. Apple Inc.*,
  No. 10-389, 2012 WL 3061027 (D. Del. July 26, 2012) (Stark, J.) .............................. 5, 7, 11

*St. Clair Intellectual Prop. Consultants, Inc. v. Fujifilm Holdings Corp.*,
  No. 08-373, 2009 WL 192457 (D. Del. Jan. 27, 2009) .......................................................... 12

*St. Clair Intellectual Prop. Consultants, Inc. v. Sony Corp.*,
  No. 01-577, 2003 WL 25283239 (D. Del. Jan. 30 2003) ......................................................... 4

*Tesco Corp. v. Weatherford Int'l, Inc.*,
  599 F. Supp. 2d 848 (S.D. Tex. 2009) ............................................................................... 8, 11

*Tyco Fire Prods. LP v. Victaulic Co.*,
  No. 10-4645, 2011 WL 4632689 (E.D. Pa. Oct. 4, 2011) ................................................. 4, 13

*United Pet Grp., Inc. v. MiracleCorp Prods.*,
  No. 12-cv-00440, 2012 WL 2458539 (E.D. Mo. June 27, 2012) ........................................... 10

*Viskase Corp. v. Am. Nat'l Can Co.*,
  261 F.3d 1316 (Fed. Cir. 2001) ................................................................................................ 4

*Voith Paper GmbH & Co. KG v. Johnsonfoils, Inc.*,
  No. 07-226, 2008 WL 874311 (D. Del. Mar. 31, 2008) ......................................................... 12

## OTHER AUTHORITIES

77 Fed. Reg. 7,041, 7,041 (Feb. 10, 2012), *to be codified at* 37 C.F.R. pt. 42 ............................... 6

35 U.S.C. § 282 (2006) .................................................................................................................. 9

Dennis Crouch, *A Rush to File at the End of Inter Partes Reexaminations*, PATENTLY-O
  (Sept. 20, 2012, 1:41 PM), http://www.patentlyo.com/patent/2012/09/my-entry.html ............. 7

## INTRODUCTION

Through its motion to stay pending reexamination, Hologic once again seeks to delay the Court's resolution of this case. Its delay-by-reexamination tactic, like its pending motion to bifurcate and stay discovery (D.I. 15–16), is simply another means by which Hologic seeks to unfairly hamstring one of its main competitors.

Hologic asks the Court to stay this case during the pendency of two reexamination proceedings it brought—one that is less than a month old, and a second that is an ungranted request still pending before the PTO. But delaying this litigation for at least three years—the average length of a reexamination proceeding (not counting subsequent appeals)—will permit Hologic to cement its market position by continuing to infringe SenoRx's patents. The requested stay will thus unduly prejudice SenoRx and provide Hologic with a clear and unwarranted strategic advantage. This is precisely why courts in this District regularly decline to stay ongoing litigation in light of early-stage reexamination proceedings, like the ones at issue here. Hologic's motion should be denied.

## NATURE AND STAGE OF PROCEEDINGS

SenoRx, Inc. ("SenoRx") filed this lawsuit against Hologic, Inc. ("Hologic") on February 10, 2012 for infringement of U.S. Patent Nos. 8,079,946 and 8,075,469 (respectively, the "'946 patent" and the "'469 patent"). (D.I. 1.) Hologic answered the complaint on May 23, 2012. (D.I. 7.) On June 28, after teleconference with the parties, the Court issued a Scheduling Order. (D.I. 13.) SenoRx served its First Set of Document Requests on June 29, 2012. (D.I. 14.) Hologic subsequently responded to these requests, and has produced a limited number of documents. On September 28, 2012, SenoRx served its initial infringement contentions. (D.I. 31.) The parties' deadline to substantially complete document production is January 9, 2013; fact discovery closes April 17, 2013. (D.I. 13.)

On July 26, 2012, Hologic filed its pending Motion to Bifurcate and Stay Discovery. (D.I. 15.) In the motion, Hologic asks the court to bifurcate the issues of liability and damages. Two weeks after filing its motion to bifurcate, Hologic submitted a reexamination request to the U.S. Patent and Trademark Office ("PTO") regarding the '469 patent. On September 8, 2012, the PTO issued an order regarding this request, <u>disagreeing with and rejecting all seven</u> of the prior art references and combinations that Hologic asserted called into question the validity of the '469 patent. *See* Dewitt Dec., Ex. 3, at 5–16. Instead, the PTO granted reexamination only on the limited basis of an eighth prior art combination not even identified by Hologic in its request. *Id.* at 16. On September 10, 2012, Hologic filed a second request for reexamination, this time relating to the '946 patent. As of today, the PTO has not granted that request.

## SUMMARY OF ARGUMENT

1. Staying this case will indefinitely prolong this litigation and preclude the just, speedy, and efficient management of the litigation. The indefinite duration of a *inter partes* reexamination proceeding and a corresponding stay guarantees that a stay will substantially prejudice SenoRx. Conversely, if this matter progresses pursuant to the current scheduling order, there is no question that this dispute will be resolved long before the PTO completes its reexamination of the patents-in-suit.

2. The parties' status as direct competitors in the balloon-brachytherapy market strongly disfavors a stay. A stay will give Hologic a clear tactical advantage in the market and in the litigation for years to come. That injury—as the Federal Circuit has recognized—may be impossible to remedy through compensatory damages.

3. Vague and generic assertions that reexamination will simplify the issues in this case are insufficient to justify a stay. There is no way to predict the likelihood that that the

2

specific claims at issue here will be amended or cancelled, or that any such amendments or cancellations will narrow the scope of this case or reduce Hologic's liability for infringement.

## STATEMENT OF FACTS

SenoRx and Hologic manufacture competing balloon brachytherapy devices that are used to treat early-stage breast cancer. (D.I. 1, ¶¶ 2, 16.) Balloon brachytherapy—unlike traditional breast cancer therapies—can be administered over a period of five days (as opposed to the several weeks required for whole-breast radiation) by targeting the tissue surrounding the cavity created following a lumpectomy procedure. (*Id.* ¶ 10.) Prior to SenoRx's introduction of its device in 2007, Hologic had the only balloon brachytherapy catheter on the market, but Hologic's device contained just a single lumen running down the center of the device. (*Id.* ¶ 12.) That configuration limited the extent to which doctors could target the radiation dose. (*Id.*) In 2007, SenoRx introduced an innovative multi-lumen balloon brachytherapy device—the Contura®—that transformed the balloon brachytherapy market by expanding the availability of balloon brachytherapy to women suffering from breast cancer. (*Id.*) To protect its innovation, SenoRx filed for and obtained several patents, including the patents-in-suit. (*Id.* ¶ 13.) Two years after SenoRx introduced its multi-lumen balloon brachytherapy device to the market, Hologic began marketing and selling its own multi-lumen device, which infringes SenoRx's patents and competes directly with the Contura®.[1]

---

[1] As the Court may be aware from past briefing in this case, the parties also are engaged in litigation currently pending before the United States District Court for the Northern District of California. *See Hologic, Inc. et al. v. SenoRx, Inc.*, Case No. 08-0133 (N.D. Cal.). Following a 2009 trial that resulted in the jury invalidating every asserted claim of Hologic's patents, the Federal Circuit reversed on a claim construction issue involving only one of the asserted claims. A limited retrial on that claim is scheduled for early next year.

## ARGUMENT

A court is "under no obligation to delay its own proceedings by yielding to ongoing PTO patent reexaminations." *See Tyco Fire Prods. LP v. Victaulic Co.*, No. 10-4645, 2011 WL 4632689, at *2 (E.D. Pa. Oct. 4, 2011) (quotation marks omitted); *see also Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001) ("The court is not required to stay judicial resolution in view of the [PTO] reexaminations."). And "courts do not uniformly grant stays as a matter of course when a reexamination request is filed with the PTO." *ImageVision.Net, Inc. v. Internet Payment Exch., Inc.*, No. 12-054, 2012 WL 3866677, at *3 (D. Del. Sept. 4, 2012). Instead, the decision to grant or deny a stay is a matter left to the Court's discretion. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988).

Courts generally apply a three-factor test to evaluate a motion to stay. Traditionally, these factors include (1) the stage of litigation, including whether discovery is complete and a trial date has been set; (2) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-movant; and (3) whether a stay would simplify the issues in the case. *See, e.g., St. Clair Intellectual Prop. Consultants, Inc. v. Sony Corp.*, No. 01-577, 2003 WL 25283239, at *2 (D. Del. Jan. 30 2003). Courts also frequently consider the status of the reexamination proceeding, *Cooper Notification, Inc. v. Twitter, Inc.*, No. 09-865, 2010 WL 5149351, at *3 (D. Del. Dec. 13, 2010) (Stark, J.), as well as whether the movant will suffer hardship or undue prejudice, other than increased litigation costs, in the absence of a stay, *id.* (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). As demonstrated below, these factors weigh heavily in favor of SenoRx and compel a denial of Hologic's motion for a stay of litigation.

I.     **THE STATUS OF THE PROCEEDINGS DISFAVORS A STAY.**

Hologic's focus on the early stage of this litigation suggests that that alone is sufficient to justify a stay, and ignores that the reexamination proceedings are at an even more nascent—and in one case, hypothetical—stage. As an initial matter, contrary to Hologic's assertions, this litigation is not in its infancy. SenoRx filed this lawsuit almost eight months ago, on February 10, 2012.[2] Since then, the parties have had a Rule 16 conference, agreed on a scheduling order and protective order, Hologic has produced a limited set of documents, and SenoRx has served and received responses to its document requests and has provided Hologic with its initial infringement contentions. Hologic should not be permitted to use its own tactical decision to refrain from participating in discovery as a sword to prevent SenoRx from moving forward with its litigation. Indeed, recent cases in this District have declined to stay litigation at similar and even earlier stages in light of reexamination proceedings. *Cooper Notification, Inc.*, 2010 WL 5149351, at *3 (Stark, J.) (denying a stay where "[d]iscovery ha[d] just begun and w[ould] not be complete for another eleven months"); *ImageVision.Net, Inc.*, 2012 WL 3866677, at *2, *4 (denying a stay where the "litigation and discovery [we]re at a nascent stage"); *Life Techs. Corp. v. Illumina, Inc.*, No. 09-706, 2010 WL 2348737, at *3 (D. Del. Jun. 7, 2010) (stay denied where the case was in a "relatively early stage of litigation"); *SoftView LLC v. Apple Inc.*, No. 10-389, 2012 WL 3061027, at * 4 (D. Del. July 26, 2012) (Stark, J.) (same).

Moreover, because of the dramatic delay inherent to reexamination, the status of this litigation "must be balanced against the stage of the reexamination proceedings." *See SoftView LLC*, 2012 WL 3061027, at *4; *see also Cooper Notification, Inc.*, 2010 WL 5149351, at *3 ("Turning to the status of the litigation, this case is still at a relatively early point, but so, too, is the reexamination."); *ImageVision.Net, Inc.*, 2012 WL 3866677, at *4 ("A stay would prejudice

---

[2]     SenoRx served the complaint on Hologic on May 2, 2012. (D.I. 5.)

5

[plaintiff] particularly since this litigation would likely be completed far in advance of a decision on the last appeal in the reexamination proceeding.").

Here, the inchoate status of the reexamination proceedings unquestionably militates against a stay. Hologic's second, yet-ungranted reexamination request has barely been before the PTO for two weeks, and its first request was granted less than a month ago. As Hologic's own statistics show, the average pendency of an *inter partes* reexamination is <u>over three years</u>, not including subsequent appeals.[3] *See* Dewitt Dec., Ex. 5, at 6(a). "Therefore, it likely will be three years until an adversely affected party can appeal any decision on reexamination to the Board of Patent Appeals and Interferences—whose decision, in turn, may (and in all likelihood will) be appealed to the Federal Circuit." *Cooper Notification, Inc.*, 2010 WL 5149351, at *3. All told, "reexaminations . . . are likely to take <u>6.5 to 8 years</u> to reach a final decision." *See Life Techs. Corp.*, 2010 WL 2348737, at *2 (emphasis added).[4]

---

[3] As of September 16, 2012, the *inter partes* reexamination was replaced by the "*inter partes* review" pursuant to rules promulgated to implement the provisions of the Leahy-Smith America Invents Act. *See* Changes to Implement Inter Partes Review Proceedings, 77 Fed. Reg. 7,041, 7,041 (Feb. 10, 2012), *to be codified at* 37 C.F.R. Part 42. The rules require that a final determination in the *inter partes* review be issued no later than 12 to 18 months after the Director notices the institution of a review under this chapter. Because Hologic's reexamination request was filed just six days prior to the changes taking effect, SenoRx will not benefit from the accelerated timeline. *Id.* at 7,048 (noting that requests filed before the effective date of September 16, 2012, are not subject to the new *inter partes* review process).

[4] Hologic assertion that the PTO conducts *inter partes* reexaminations more rapidly when the involved patents are the subject of parallel litigation is undermined by their own statistics, which show that at least 67% of the patents subjected to reexamination are also the subject of co-pending litigation. *See* Hologic's Opening Br. ("Br.") at 8 n.2; Dewitt Dec., Ex. 5, ¶ 4. That percentage, given the ever-increasing average time to completion for reexaminations suggests co-pending litigation has had little, if any, impact on the length of reexamination proceedings. *See Nat'l Prods., Inc. v. Gamber-Johnson LLC*, No. 12-cv-00840, 2012 WL 3527938, at *1 (W.D. Wash. Aug. 14, 2012) (noting the "frustration of a growing number of courts with the gap between the statutory language that requires the PTO to conduct the reexamination process with 'special dispatch' and

In light of the amount of time it takes a patent to move through the reexamination process, courts in this District regularly deny requests to stay even recently-filed litigation pending early-stage reexamination proceedings. In *Cooper Notification*, for example, the defendants filed their request for *inter partes* reexamination and corresponding motion to stay when "[d]iscovery ha[d] just begun and w[ould] not be complete for another eleven months." 2010 WL 5149351, at *3. Nevertheless, the court denied the motion, explaining that its conclusion was "all the more compelling . . . given the even earlier stage of the reexamination." *Id.*; *see also ImageVision.Net, Inc.*, 2012 WL 3866677, at *4; *Life Techs. Corp.*, 2010 WL 2348737, at *3; *SoftView LLC*, 2012 WL 3061027, at *4. Indeed, one of the cases Hologic cites repeatedly in its opening brief notes that "only those reexamination proceedings that have been substantially completed will weigh in favor of a stay." *Belden Techs. Inc. v. Super. Essex Commc'ns LP*, No. 08-63, 2010 WL 3522327, at *3 (D. Del. Sept. 2, 2010) (emphasis added) (cited by Hologic at Br. 3, 6, 8).

In its rush to roadblock this litigation, Hologic moves to stay before its second request for reexamination has even been granted.[5] *See ImageVision.Net, Inc.*, 2012 WL 3866677, at *4 (denying stay where reexamination request had not yet been granted because "th[e] litigation

---

the practical reality that the average *inter partes* reexamination takes roughly three years").

[5] Indeed, in September when Hologic's most recent request for reexamination was filed, the PTO received a record-breaking number of reexamination requests during a scramble to avoid sweeping changes implemented by the America Invents Act. *See* Dennis Crouch, *A Rush to File at the End of Inter Partes Reexaminations*, PATENTLY-O (Sept. 20, 2012, 1:41 PM), http://www.patentlyo.com/patent/2012/09/my-entry.html. One commenter has estimated that in the days leading up to the changes, almost an entire year's worth of reexamination requests were filed. *Id.* This unprecedented glut of requests is likely to slow the PTO's review of new requests, including Hologic's, and may well delay the final resolution of the reexamination beyond the three-year estimate discussed above.

would likely be completed far in advance of a decision on the last appeal in the reexamination proceeding"). Even if granted, the reexamination will be in its infancy, with years to go before an uncertain resolution. This delay, together with the substantial prejudice that will result to SenoRx, militates strongly against a stay.

II.   **GRANTING A STAY WILL UNDULY PREJUDICE SENORX AND PROVIDE HOLOGIC A CLEAR AND UNWARRANTED TACTICAL ADVANTAGE.**

   A.   **The Parties Are Direct Competitors, Heavily Disfavoring a Stay.**

A stay will irreparably harm SenoRx by preventing it from enforcing its patent rights against a direct competitor. Hologic's and SenoRx's status as direct competitors—a critical distinction over many of the cases cited by Hologic[6]—creates a presumption that "'a stay would likely prejudice the non-movant.'" *Life Techs. Corp.*, 2010 WL 2348737, at *3 (quoting *Tesco Corp. v. Weatherford Int'l, Inc.*, 599 F. Supp. 2d 848, 851 (S.D. Tex. 2009)); *see also ImageVision.Net, Inc.*, 2012 WL 3866677, at *4 ("The element of direct competition strongly favors denying [defendant's] motion for a stay."); *Oracle Corp. v. Parallel Networks, LLP*, No. 06-414, 2010 WL 3613851, at *3 (D. Del. Sept. 8, 2010) ("Courts have been generally reluctant to stay proceedings where the parties are direct competitors . . . ."); *Cooper Notification, Inc.*, 2010 WL 5149351, at *5 ("Courts are reluctant to stay proceedings where the parties are direct competitors.").

---

[6]   *See, e.g.*, Br. at 3 (citing *Enhanced Sec. Research, LLC v. Cisco Sys., Inc.*, No. 09-571, 2010 WL 2573925 (D. Del. June 25, 2010) (finding that stay would not prejudice the plaintiff, a non-practicing entity)); Br. at 5, 6 (citing *Gioello Enters. Ltd. v. Mattel, Inc*, No. C.A. 99-375, 2001 WL 125340 (D. Del. Jan. 29, 2001) (same)); Br. at 2 (citing *Oracle Corp. v. Parallel Networks, LLP*, No. 06-414, 2010 WL 3613851 (D. Del. Sept. 8, 2010) (denying stay, but noting that where the plaintiff did not develop or sell any products of its own and was not a competitor of the defendant, the relationship of the parties weighed in favor of a stay)); Br. at 3, 6, 8 (citing *Belden Techs. Inc.*, 2010 WL 3522327, at *3 (noting that because the parties were not direct competitors, the relationship of the parties weighed in favor of a stay)).

As a patentee, SenoRx's patents are presumed valid even when the subject of a reexamination proceeding, and SenoRx is entitled to a remedy for infringement. *See E.I. Du Pont de Nemours & Co. v. Phillips Petrol. Co.*, 720 F. Supp. 373, 385 (D. Del. 1989) (noting that because a patent's validity is presumed, a patentee is entitled to a remedy); 35 U.S.C. § 282 (2006) (patents are presumed valid). During the pendency of the requested stay, however, SenoRx's right to relief would be placed in limbo and it would be forced to compete against its own patented technology. Courts have emphasized that "the potential delay alone is enough to suggest loss of market share and eroded prices if an alleged infringer is allowed to continue its practices in the meantime." *Adaptor, Inc. v. Sealing Sys., Inc.*, No. 09-cv-1070, 2010 WL 4236875, at *3 (E.D. Wis. Oct. 21, 2010) (denying motion to stay where the parties were direct competitors); *see also Nat'l Prods., Inc. v. Gamber-Johnson LLC*, No. 12-cv-00840, 2012 WL 3527938, at *1–3 (W.D. Wash. Aug. 14, 2012) (finding that where the parties were direct competitors, there was a "reasonable chance that the alleged infringement would lead to a loss in market share and erosion of goodwill").

Although Hologic asserts that the certain prejudice SenoRx will suffer if this case is indefinitely delayed can adequately be remedied through compensatory damages (Br. at 8), the Federal Circuit has rejected such claims. That court has emphasized that it sometimes may be impossible to restore a patentee's original market share after years of infringement because customers' business relationships and expectations will have changed. *See Polymer Techs. v. Bridwell*, 103 F.3d 970, 975–76 (Fed. Cir. 1996) (discussing the effect of delay when considering motion for preliminary injunction, which requires a higher showing than is required to show prejudice here); *see also Mike's Train House, Inc. v. Broadway Ltd. Imps., LLC*, No. 09-2657, 2011 WL 836673, at *2–4 (D. Md. Mar. 3, 2011) ("[T]he Court finds Defendant's glib

assurance that it can compensate Plaintiff in damages to be less than compelling."). This is true even where the non-moving party, like SenoRx, has not sought a preliminary injunction. Indeed, courts regularly dismiss the very argument made by Hologic (Br. at 8) that SenoRx's decision not to request a preliminary injunction implies that the harm resulting from a stay would be more easily compensable by monetary damages. As courts in this District have noted, the decision not to seek injunctive relief can be made for many reasons besides a belief that all of the harm resulting from infringement is compensable by monetary damages. *See Cooper Notification, Inc.*, 2010 WL 5149351, at *4 (explaining that the plaintiff's decision not to file for a preliminary injunction "tells one nothing about [the plaintiff's] motivation to obtain injunctive relief, or even about the potential irreparability of any harm from any infringement (if ultimately proven)"); *see also United Pet Grp., Inc. v. MiracleCorp Prods.*, No. 12-cv-00440, 2012 WL 2458539, at *3 (E.D. Mo. June 27, 2012) (rejecting the contention that because the patentee failed to move for a preliminary injunction, the patentee failed to show prejudice); *Biomet Biologics, LLC v. Bio Rich Med., Inc.*, No. 10-1582, 2011 WL 4448972, at *3 (C.D. Cal. Sept. 26, 2011) (refusing to grant stay simply because the patentee did not move for a preliminary injunction).

In short, the substantial and irreparable harm to SenoRx that is certain to follow if Hologic is granted the stay it seeks weighs heavily in favor of rejecting Hologic's request.

    **B.**    **A Stay Will Prejudice SenoRx by Increasing the Possibility of Stale or Forgotten Evidence.**

Delay not only impacts SenoRx's business, but also substantially will impair its ability to prosecute this case. As discussed above, a stay, if granted, would almost certainly last many years. Resuming the litigation after such a substantial delay "would likely raise issues with stale evidence, faded memories, and lost documents." *Cooper Notification, Inc.*, 2010 WL 5149351,

at *4. As courts have explained, "[m]uch of the evidence . . . to prove infringement exists in the minds of witnesses, whose memories will inevitably fade, and who may be difficult to find as time passes. Infringement will also depend to some extent on how Defendants' accused products and services function today, which will be harder to prove years from now." *Id.* In contrast, "some of the matters on which Defendants bear the burden, such as invalidity of the . . . patent due to anticipation or obviousness, may not grow more difficult to prove, as they are based largely on prior art references, which do not change." *Id.*; *see also SoftView LLC*, 2012 WL 3061027, at *4.

Courts outside this District also have recognized that "crucial witnesses are more likely to be located if discovery is allowed to proceed now, rather than later." *Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 617 (E.D. Tex. 2007) (cited by Hologic); *see also Tesco Corp*, 599 F. Supp. 2d at 851–52 ("Where the parties are direct competitors, a stay would likely prejudice the non-movant. . . . Even though the Court may eventually determine that Plaintiff's injuries from lost market share may be fully compensable in money damages, the prejudice from delayed discovery outweighs any mitigating effect these damages might have."). This, too, weighs heavily against grating a stay.

### C. A Stay Would Unduly Prejudice SenoRx by Superseding Its Choice of Forum.

A stay also will deny SenoRx its chosen forum and provide Hologic "with a clear and unwarranted tactical advantage." *SoftView LLC*, 2012 WL 3061027, at *4. As Plaintiff, SenoRx is "the master of the complaint" and is entitled to the forum of its choice. *Holmes Grp., Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 831 (2002) (quotation marks omitted). SenoRx chose to file this litigation in this District to resolve its allegations of patent infringement, including any potential validity challenges. Staying this litigation in favor of the PTO

proceedings would deprive SenoRx of its right to its chosen forum. *SoftView LLC*, 2012 WL 3061027, at *4 ("Staying this litigation in favor of the reexamination proceedings would provide Apple with its choice of forum without any compelling justification for doing so."); *Cooper Notification, Inc.*, 2010 WL 5149351 (to the same effect). A stay also will reward Hologic's excursion into forum-shopping and unfairly delay SenoRx's day in court. *Cellectis, S.A. v. Precision Biosciences, Inc.*, --- F. Supp. 2d ---, No. 11-173, 2012 WL 1556489, at *7 (D. Del. May 3, 2012) ("[T]he strategy of responding to litigation by pursuing reexamination is simply another example of forum-shopping, perfectly legitimate but, nonetheless, a way to postpone a patent holder's day in court.").

### III. HOLOGIC ARTICULATES NO CLEAR HARDSHIP OR INEQUITY THAT IT WOULD SUFFER IN THE ABSENCE OF A STAY.

In contrast to the clear harm facing SenoRx if this stay is granted, Hologic does not assert that it will suffer hardship or inequity if the Court denies its request for a stay. Nor can it. "Generally, the party seeking a stay 'must make out a clear case of hardship or inequity in being required to go forward.'" *St. Clair Intellectual Prop. Consultants, Inc. v. Fujifilm Holdings Corp.*, No. 08-373, 2009 WL 192457, at *2 (D. Del. Jan. 27, 2009) (quoting *Landis*, 299 U.S. at 255); *see also Voith Paper GmbH & Co. KG v. Johnsonfoils, Inc.*, No. 07-226, 2008 WL 874311, at *2 (D. Del. Mar. 31, 2008) (denying stay pending appeal where movant failed to make a showing of a "clear case of hardship or inequity"). Added litigation costs alone are not sufficient to constitute such hardship or inequity. *See Cooper Notification, Inc.*, 2010 WL 5149351, at *2.[7] Indeed, if, as Hologic asserts, the asserted claims of the patents-in-suit are invalid (they are not), there is no reason why Hologic cannot make such a showing in this litigation.

---

[7] Thus, although Hologic contends that a stay will reduce the cost of litigation (Br. at 5), that is not sufficient to show an undue hardship or inequity.

12

Although "not, by itself, fatal" to a motion for stay pending reexamination, a moving party's "fail[ure to show hardship] does weigh against granting" a stay. *Id.* at *2. Hologic's failure to set forth any hardship or inequity it would face if its motion is denied thus weighs against granting a stay.

## IV. HOLOGIC HAS FAILED TO SHOW THAT REEXAMINATION WILL SIMPLIFY THE ISSUES IN THIS CASE.

Finally, contrary to Hologic's self-serving assurances, a stay will not "undoubtedly" simplify the issues for trial. Hologic's argument amounts to a "vague assertion of 'simplification of issues' [that] can be argued in every case." *ImageVision.Net, Inc.*, 2012 WL 3866677, at *3. Were such an assertion sufficient to justify a stay of litigation, courts would be required to stay every patent infringement suit where the PTO granted reexamination. But, as even Hologic acknowledges, that is not the law. *See id.* (rejecting generic arguments about simplification because "courts do not uniformly grant stays as a matter of course when a reexamination request is filed with the PTO"). Instead, courts have recognized "a growing concern . . . that, on balance, staying a case even in its early stages pending reexamination has not led to the just, speedy, and efficient management of the litigation, but instead has tended to prolong it without achieving sufficient benefits in simplification to justify the delay." *Network Appliance, Inc. v. Sun Microsys., Inc.*, No. C-07-06053 EDL, 2008 WL 2168917, at *3 (N.D. Cal. May 23, 2008); *see also, e.g., Tyco Fire Prods. LP*, 2011 WL 4632689, at *2 ("While some courts have a policy in favor of granting a stay pending a PTO reexamination or reissue, other courts have recently reconsidered this policy.").

In attempting to justify delay here, Hologic asserts that there is an 89% chance that the PTO will either cancel or narrow the patent claims in this case. Br. at 4. To arrive at that statistic, Hologic added the historical percentage chance the PTO will modify any of the claims

13

(47%) to the historical percentage chance it will cancel all claims (42%). Dewitt Dec., Ex. 5, ¶¶ 7(b), 7(c). Of course, these numbers say nothing about what will actually happen in this particular case. As noted above, the PTO—which Hologic paints as liberally granting requests for reexamination—<u>rejected all seven</u> of the prior art references and combinations on which Hologic sought reexamination of the '469 patent, and only granted reexamination on the limited basis of an eighth prior art combination not even identified by Hologic in its request. *See* Dewitt Dec., Ex. 3, at 5–16. Its reexamination is thus on tenuous ground to begin with. Moreover, the statistics themselves actually reveal a slightly different reality than Hologic's presentation of them suggests. Together with the fact that 11% of all reexamination orders historically <u>confirm</u> all claims, *see* Dewitt Dec., Ex. 5, ¶ 7(a), Hologic's statistics show that in the majority of cases (58%), reexamination requests historically result either in one or more claims being amended (47%), or in all claims being confirmed (11%). Thus, even accepting the relevance of these historical numbers, it is more likely than not that at least one or more claims will survive and thus <u>not</u> all issues in this case will be resolved by the reexamination—even assuming Hologic's second reexamination request is granted, which, in view of the PTO's broad rejection of the arguments in Hologic's request relating to the '469 patent, is not a foregone conclusion.

Hologic's statistical sorcery is coupled with its implicit suggestion that any hypothetical narrowing of the claims during reexamination would affect its liability for infringement in this case. Br. at 7. But the statistics Hologic cites are incapable of illuminating that issue. *See Mike's Train House*, 2011 WL 836673, at *3 (noting defendant's "rather extravagant assumption" that any modification of the patent claims in this case by the PTO would have the effect of reducing its liability for infringement). Even were the Court willing to accept Hologic's "extravagant assumption," the immediate—and potentially irreparable—damage that a stay will

work on SenoRx far outweighs the chance that the reexamination may reduce Hologic's liability for infringement, especially given the early stage of the reexamination proceedings and the tenuous nature of the PTO's grant of Hologic's first reexamination request.

## CONCLUSION

A stay is unwarranted here. Hologic will gain a substantial tactical advantage if a stay is imposed, and SenoRx will suffer undue prejudice. The reexaminations, if granted, are likely to take many years to complete, during which time memories will fade, evidence will grow stale, and SenoRx's ability to enforce its patent rights will deteriorate. For these reasons, together with those listed above, SenoRx respectfully requests that the Court deny Hologic's Motion to Stay.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Plaintiff SenoRx, Inc.*

OF COUNSEL:

Bruce R. Genderson
Aaron P. Maurer
Adam D. Harber
Patricia L. Richman
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000

October 1, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 1, 2012, upon the following in the manner indicated:

| | |
|---|---|
| Karen L. Pascale, Esquire<br>James L. Higgins, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL* |
| Matthew M. Wolf, Esquire<br>John E. Nilsson, Esquire<br>Amy DeWitt, Esquire<br>ARNOLD & PORTER<br>555 Twelfth Street, NW<br>Washington, DC 20004-1206 | *VIA ELECTRONIC MAIL* |
| Brian Martinez, Esquire<br>ARNOLD & PORTER<br>777 South Figueroa Street<br>Los Angeles, CA 90017-5844 | *VIA ELECTRONIC MAIL* |

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)

1