# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SENORX, INC., </br></br> Plaintiff, </br></br> v. </br></br> HOLOGIC, INC., </br></br> Defendant. | ) </br> ) </br> ) </br> ) </br> ) C.A. No. 12-173 (LPS) (CJB) </br> ) </br> ) </br> ) </br> ) |

## PLAINTIFF'S SURREPLY BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE TRIAL AND STAY DISCOVERY

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Plaintiff SenoRx, Inc.*

OF COUNSEL:

Bruce R. Genderson
Aaron P. Maurer
Adam D. Harber
Patricia L. Richman
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000

October 15, 2012

Hologic's reply brief raises the novel issue of pending litigation between the parties in the United States District Court for the Northern District of California in an effort to discredit SenoRx's opposition to bifurcation in this case. *See Hologic, Inc. et al. v. SenoRx, Inc.*, Case No. 08-0133 (N.D. Cal.) ("California Litigation"). In particular, Hologic argues that SenoRx's opposition to bifurcation here is "in stark contrast to the position it adopted as defendant in Hologic's patent infringement suit against it." Hologic's Reply Br. at 7. This argument incorrectly implies that the issues in the California Litigation were bifurcated at SenoRx's request and misleadingly omits key factual distinctions between that litigation and the current case.

Hologic filed the California Litigation against SenoRx in 2008 alleging that SenoRx infringed three of its own patents. After filing, Hologic immediately moved for a preliminary injunction. Although the court denied that motion, it ordered that the trial occur ***within 60 to 90 days*** of the order. *Hologic, Inc. et al. v. SenoRx, Inc.*, Case No. 08-0133, Doc. No. 109, at 30 (N.D. Cal. April 25, 2008). The subsequent trial and accompanying jury verdict invalidated every asserted claim of Hologic's patents. On appeal, however, the Federal Circuit reversed the trial court's claim construction with respect to a single asserted claim. A limited retrial on that one claim is scheduled for early 2013.

Contrary to Hologic's implication, the issues of liability and damages in the California Litigation were not bifurcated at SenoRx's request. Instead, the court bifurcated liability and damages—without any objection by Hologic—to accommodate the extremely expedited trial schedule that the court imposed after it denied Hologic's motion for a preliminary injunction. *See Hologic, Inc. et al. v. SenoRx, Inc.*, Case No. 08-0133, Doc. No. 118, at 2-3 (N.D. Cal. May 5, 2008). Although the trial was delayed by the parties' subsequent decision to

stay litigation to discuss settlement, the parties mutually agreed not to reopen discovery, which is why the issues remain bifurcated to this day.

In stark contrast to the California Litigation, the Court has not imposed an expedited trial schedule here. Rather than having to conduct discovery and prepare for trial in 60 to 90 days, the parties have agreed on a reasonable case schedule that targets a spring 2014 trial. Thus, unlike in the California Litigation, there is no reason to convert this relatively straightforward case involving a single plaintiff, a single defendant, and a single infringing device into a complicated, multi-step exercise. Hologic's motion should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Plaintiff SenoRx, Inc.*

OF COUNSEL:

Bruce R. Genderson
Aaron P. Maurer
Adam D. Harber
Patricia L. Richman
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000

July 30, 2012

3

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 15, 2012, upon the following in the manner indicated:

| | |
|---|---|
| Karen L. Pascale, Esquire<br>James L. Higgins, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801 | *VIA ELECTRONIC MAIL* |
| Matthew M. Wolf, Esquire<br>John E. Nilsson, Esquire<br>Amy DeWitt, Esquire<br>ARNOLD & PORTER<br>555 Twelfth Street, NW<br>Washington, DC  20004-1206 | *VIA ELECTRONIC MAIL* |
| Brian Martinez, Esquire<br>ARNOLD & PORTER<br>777 South Figueroa Street<br>Los Angeles, CA  90017-5844 | *VIA ELECTRONIC MAIL* |

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)